460 So.2d 538 (1984)
Jack CUTTER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-745.
District Court of Appeal of Florida, Second District.
December 12, 1984.
*539 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
Appellant, Jack Cutter, appeals from a judgment and sentence entered pursuant to a jury verdict finding him guilty of possession of burglary tools. We affirm.
Appellant was charged with possession of burglary tools and petit theft. He presented a witness on his behalf at trial, but did not testify himself. The jury found him guilty of possession of burglary tools and not guilty of petit theft. After appellant was adjudicated and sentenced to five years in state prison, he filed a timely notice of appeal.
The sole issue on appeal is whether the trial court must establish on the record that a criminal defendant has validly waived his right to testify.
The record before us does not indicate that appellant was personally questioned by the trial court concerning his decision not to testify. It does indicate, however, that neither the appellant nor his attorney objected when the jury was instructed concerning appellant's election not to be a witness in the case.
Appellant does not contend that his attorney failed to advise him of his right to testify. Relying on People v. Curtis, 681 P.2d 504 (Colo. 1984), he contends that the trial court failed to establish in open court on the record that he voluntarily, knowingly, and intelligently waived his right to testify. Appellee, the State of Florida, relying on State v. Albright, 96 Wis.2d 122, 291 N.W.2d 487 (1980), cert. denied, 449 U.S. 957, 101 S.Ct. 367, 66 L.Ed.2d 223 (1980), asserts that an accused who disagrees with his attorney's advice not to testify must raise his objection on the record at trial. If the accused does not attempt to take the stand, he waives his right to testify. We agree with appellee's assertion and, accordingly, with the holding of the Supreme Court of Wisconsin in State v. Albright.
The right to testify in criminal prosecutions is a mandatory, organic rule of procedure and a long-accepted constitutional principle. Hall v. Oakley, 409 So.2d 93 (Fla. 1st DCA 1982); Art. I, § 16, Fla. Const.; see also, Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); United States v. Ives, 504 F.2d 935 (9th Cir.1974); Moore v. State, 276 So.2d 504 (Fla. 4th DCA 1973). Unlike the right to forego assistance of counsel and certain other rights, however, the right to testify is not so fundamental and personal that it can only be waived by the defendant; it may be waived by the defendant's attorney in the absence of express disapproval on the record by the defendant during the pretrial or trial proceedings. State v. Albright.
We, accordingly, hold that an accused waives his right to testify, if, after having the right explained to him by counsel, he acquiesces in his attorney's advice not to testify. If he does not agree with his attorney, he must make his objection known to the court during trial, not as an afterthought. If he properly objects, the court must allow him to testify. State v. Albright; People v. Knox, 588 Ill. App.3d 761, 16 Ill.Dec. 182, 374 N.E.2d 957 (1978); contra People v. Curtis, 681 P.2d 504 (Colo. 1984).
AFFIRMED.
BOARDMAN, A.C.J., and LEHAN, J., concur.