632 So.2d 660 (1994)
Marvin GILL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00814.
District Court of Appeal of Florida, Second District.
February 16, 1994.
Marvin Gill, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Marvin Gill appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Gill is serving a life sentence for capital sexual battery and other offenses. His motion raises numerous issues, most of which are facially insufficient, rebutted by the record, or inappropriate for postconviction proceedings. The only portion of the motion which warrants discussion is one claim of ineffective assistance of counsel.
The claim stems from Gill's failure to testify at trial despite his avowal of innocence. This occurred, according to the motion, *661 because trial counsel "deprived" Gill of his right to testify by resting abruptly without consulting Gill, who states he was prepared and desired to testify. This portion of the motion relies upon Williams v. State, 601 So.2d 596 (Fla. 1st DCA 1992), which in turn cites United States v. Teague, 953 F.2d 1525 (11th Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992).[1]
We believe Gill's motion sufficiently sets forth a prima facie showing of his entitlement to relief as to this one issue. An evidentiary hearing will be necessary to resolve his claim. Accordingly, we think it appropriate to discuss what must be shown after remand before Gill's conviction could be vacated on this ground or before the motion again may be denied.
Any time a claim of ineffective assistance is raised, the defendant first must show that counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). In the context of the right to testify, this is accomplished if the defendant demonstrates "that the action of attorney deprived [him] of the ability to choose whether or not to testify in his own behalf." Teague, 953 F.2d at 1534. This might occur either if counsel "refused to accept the defendant's decision to testify" or if counsel "never informed defendant of the right to testify." Id.
It is apparent from the wording of the motion that Gill was not ignorant of his right to testify: "Mr. Gill was horrified by the surprise announcement [that the defense rests] and [angrily] questioned [defense counsel] upon his return to the defense table. [Counsel]'s comments were that Gill should sit down, be quiet, and he would talk to him about it as soon as the Court recessed." Nor does Gill claim he was misled about the exercise of his rights. Cf. Siciliano v. Vose, 834 F.2d 29 (1st Cir.1987). Thus, the only issue to be resolved is whether counsel adequately ascertained and respected Gill's wishes on the matter.[2]
Gill's motion may be denied if either of the following circumstances is found to exist: (1) the evidence demonstrates that Gill's present claims are simply untrue, e.g., that he had no intention of testifying or that he was not dissatisfied with counsel's choice except through hindsight; or (2) if, contrary to the claim made in the motion, counsel did confer with Gill about testifying and reasonably concluded that Gill acquiesced in the decision to rest without taking the stand.
If, on the other hand, the evidence shows that Gill wanted to testify and never changed his mind about testifying, the question arises whether the content of his proposed testimony is a material consideration; that is, whether he must demonstrate the likelihood of a different outcome had he taken the stand at trial. Such an analysis is employed when a defendant complains about the failure to present other witnesses. Although "[t]he power to decide questions of trial strategy *662 and tactics ultimately rests with counsel" and "[o]ne such tactical, strategic decision concerns counsel's determination of what witnesses to call and what evidence to present," Sanborn v. State, 474 So.2d 309, 312 (Fla. 3d DCA 1985), counsel's discretion is not absolute and ineffectiveness may result if crucial witnesses are overlooked. See, e.g., Majewski v. State, 487 So.2d 32 (Fla. 1st DCA 1986) (failure to call alibi witnesses).
An attorney might offer any number of justifications for failing to call witnesses. Similarly, counsel might have valid reasons for wanting his or her client to refrain from testifying at trial. See Teague, 953 F.2d at 1533 n. 9. The extreme case is that depicted in Sanborn, where a lawyer believes his client is preparing to commit perjury. Yet Sanborn, by suggesting a procedure to be followed when the defendant persists with such intentions, indicates that counsel is not the final arbiter even in this egregious circumstance.[3] "It is important to remember that while defense counsel serves as an advocate for the client, it is the client who is the master of his or her own defense." Teague, 953 F.2d at 1533.
We believe that Teague forecloses us from requiring that Gill demonstrate that his testimony was of "great and obvious value." Simply put, the defendant is in a different position from other witnesses. His decision whether to testify is of both strategic and constitutional significance. See Brooks v. Tennessee, 406 U.S. 605, 612, 92 S.Ct. 1891, 1895, 32 L.Ed.2d 358, 363 (1972). If, deliberately or through negligence, counsel interfered with a right Gill otherwise would have exercised, the trial court must grant relief. Regrettably, in such a setting an attorney whose trial performance is in all other respects above reproach may nevertheless be deemed "ineffective."
In so holding we are cognizant of DeHaven v. State, 618 So.2d 337 (Fla. 2d DCA 1993), in which we confronted a claim that defense counsel freely encouraged the presentation of false testimony.[4] Although Sanborn suggests that "succumbing to a client's demand to elicit obvious perjurious testimony amounts to ineffective assistance of counsel," 474 So.2d at 313 (citing State v. Lee, 142 Ariz. 210, 689 P.2d 153 (1984)), we found it inappropriate "to reward a perjurer for his perjury," at least where there is no "hapless defendant ... deceived by an overzealous or unscrupulous advocate." DeHaven, 618 So.2d at 339, quoting in part from Commonwealth v. Alderman, 292 Pa.Super. 263, 271, 437 A.2d 36, 40-41 (1981). The holding in the present case and DeHaven are nevertheless consistent. Under no circumstances should an attorney encourage false testimony. If such testimony is anticipated, counsel should refer to Rule Regulating The Florida Bar 4-3.3, and especially the comment thereto.[5] When counsel sidesteps these ethical canons, the defendant's unclean hands militate against postconviction relief, but not attorney discipline. We hold only that counsel cannot avoid unilaterally confronting the issue by resting the case. Such a result does not "reward" the dishonest defendant, nor does it immunize that defendant from possible prosecution.
In future cases, trial courts will be well-advised to obtain "the procedural safeguard of an on-the-record waiver" of a defendant's right to testify, as with other "fundamental and personal" rights. Teague, 953 F.2d at 1542 (Clark, J., dissenting).[6] Although *663 we stop short of making this an absolute requirement, such that the absence of a waiver in the appellate record is reversible error per se,[7] the plain fact remains that the interests of both the defendant and the state may be served better by addressing the issue up front rather than years later in some postconviction proceeding. See Torres-Arboledo v. State, 524 So.2d 403, 411 n. 2 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988).
We hold that the circuit court properly denied Gill's motion on all grounds except the one discussed in this opinion. We remand for further consideration of the issue involving Gill's right to testify at trial.
Affirmed in part, reversed in part, and remanded with instructions.
PATTERSON and PARKER, JJ., concur.
PARKER, J., also concurs specially in a separate opinion.
SCHOONOVER, A.C.J., concurs in result only.
PARKER, Judge, concurring.
I concur in the panel's result. I write separately only to note that I, as a former trial court judge, utilized the following colloquy with a defendant who did not testify:
Mr./Ms. [defendant's name], this court has now received all of the evidence in this case. I have noted that you did not testify. That is your absolute constitutional right. The jury will be instructed by this court that you have that absolute right and that the jury must not view this as an admission of guilt or be influenced in any way by your decision. However, I must advise you that you also have an absolute constitutional right to testify here today. It is your right to testify or not to testify, and no one can make that decision except you. I encourage you to consult with your attorney and listen to the attorney's advice. But I remind you the decision to testify or not to testify is yours alone. If you therefore decide not to testify, before the jury returns to the courtroom, please inform this court that that is your decision.
This address to a defendant, of course, must be out of the hearing of the jury. Using this procedure at trial, in my opinion, would greatly aid a trial court called upon years later to determine the issue of a defendant's allegation that the defendant was not informed of the right to testify or was not permitted to testify.
NOTES
[1] In Cutter v. State, 460 So.2d 538 (Fla. 2d DCA 1984), we dealt with virtually this same issue and rejected an argument that the error was fundamental. In so doing we adopted the holding in State v. Albright, 96 Wis.2d 122, 291 N.W.2d 487, cert. denied. 449 U.S. 957, 101 S.Ct. 367, 66 L.Ed.2d 223 (1980), which "asserts that an accused who disagrees with his attorney's advice not to testify must raise his objection on the record at trial. If the accused does not attempt to take the stand, he waives his right to testify." 460 So.2d at 539. Cutter was a direct appeal rather than one proceeding from the denial of postconviction relief. The supreme court approved Cutter in Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988), but suggested that interference by counsel with the defendant's right to testify could constitute ineffectiveness. 524 So.2d at 411 n. 2. Accordingly we perceive no conflict between Cutter and the decision we reach with regard to Gill's possible entitlement to postconviction relief.

We believe Cutter remains viable to the extent it rejects any suggestion a conviction should be reversed on direct appeal every time the record contains no colloquy about defendant's desire to testify. Presumably most defendants do discuss this matter with their attorneys. Their silence at trial does not in and of itself evidence misunderstanding of their rights or dissatisfaction with counsel's decision. That is why the issue, in the absence of a contemporaneous objection at trial, is more appropriately presented in a claim of ineffective assistance.
[2] The motion is silent as to whether any further consultations took place between counsel's resting of his case and the verdict. If so, the content of those discussions would be relevant.
[3] The "client narrative" procedure suggested in Sanborn, in connection with which the lawyer stood silent, was subsequently disapproved by our supreme court. See The Florida Bar v. Rubin, 549 So.2d 1000 (Fla. 1989) (involving Sanborn's attorney); The Florida Bar Re Rules Regulating the Florida Bar, 494 So.2d 977, 1059-60 (Fla. 1986). The principle underlying the Sanborn holding, that a defendant should be allowed to take the witness stand if he chooses, has not been repudiated.
[4] The record presently before us provides no evidence suggesting Gill intended to commit perjury. He maintains his innocence and gives no indication of having deviated from that position.
[5] But see DeHaven, 618 So.2d at 339 (quoting Sanborn, 474 So.2d at 313 n. 2: "Mere suspicion or inconsistent statements by the defendant alone are insufficient to establish that the defendant's testimony would have been false.").
[6] The majority in Teague had expressed its opinion that such a colloquy would be "inappropriate" because it might "unnecessarily intrude into the attorney-client relationship and could unintentionally influence the defendant in his or her choice." 953 F.2d at 1533 n. 8. We, however, believe Judge Clark's position is the better reasoned.
[7] We note that some jurisdictions have imposed such a requirement. See, e.g., LaVigne v. State, 788 P.2d 52 (Alaska Ct. App. 1990), rev'd, 812 P.2d 217 (Alaska 1991); People v. Curtis, 681 P.2d 504 (Colo. 1984); Boyd v. United States, 586 A.2d 670 (D.C.App. 1991); Culberson v. State, 412 So.2d 1184 (Miss. 1982); State v. Neuman, 179 W. Va. 580, 371 S.E.2d 77 (1988).