PER CURIAM.
Clarence Edward Dukes appeals the summary denial of his motion for postconviction *105 relief. Of the numerous grounds presented in the motion, all but one are clearly -without merit and the circuit court properly denied relief as to those. We remand for further proceedings regarding one claim of ineffective assistance of counsel.
Dukes alleges that his trial attorney “refused” to allow him to take the stand and threatened to walk out if Dukes insisted upon testifying. The circuit court’s order finds that Dukes “could have brought his concerns to the attention of the court.” Although the court’s order does not cite Cutter v. State, 460 So.2d 538 (Fla. 2d DCA 1984), the court may have relied on that decision in making this determination. However, as we recently explained in Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994), Cutter was not intended to foreclose the possibility of raising via Florida Rule of Criminal Procedure 3.850 the issue of an attorney’s interference with the right to testify. See also United States v. Teague, 953 F.2d 1525 (11th Cir.1992), cert. denied, — U.S. —, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992).
We remand this case for further consideration of this one issue in light of our decision in Gill. After remand the circuit court may again deny the motion if the files and records conclusively demonstrate that Dukes did not receive ineffective assistance of counsel. Otherwise an evidentiary hearing may be necessary.
Affirmed in part, reversed in part, and remanded -with instructions.
FRANK, C.J., and DANAHY and LAZZARA, JJ., concur.