ALTENBERND, Judge.
The state has moved for rehearing in this ease. In our initial opinion, which has been withdrawn, we reversed the denial of a motion for postconviction relief and remanded for an evidentiary hearing to determine whether James Jones Nixon received ineffective assistance of counsel. Specifically, Mr. Nixon maintained that his attorney refused to allow him to testify. See Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994).
On motion for rehearing, the state has brought to our attention that the motion for postconviction relief was denied after an evi-dentiary hearing. The transcript of that hearing has now been filed, and it appears that the trial court properly denied the motion for postconviction relief after receiving the evidence needed to satisfy Gill. Accordingly, we affirm the trial court’s order denying postconviction relief.
Affirmed.
BLUE and FULMER, JJ., concur.