647 So.2d 185 (1994)
Frank WILSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 94-332.
District Court of Appeal of Florida, First District.
July 5, 1994.
Frank Wilson, Jr., pro se.
No appearance for appellee.
PER CURIAM.
Frank Wilson, Jr. has appealed from an order of the trial court summarily denying his motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850. We affirm in part, reverse in part, and remand.
Wilson was convicted by jury of armed robbery, nine counts of armed kidnapping, attempted armed robbery, and conspiracy to commit armed robbery. He was sentenced respectively to 12 years, nine life terms, and two 5 1/2 year terms, all concurrent. Wilson appealed to this court, which affirmed without opinion. Wilson v. State, 603 So.2d 1279 (Fla. 1st DCA 1992) (mandate issued September 30, 1992).
Wilson filed the instant motion on October 4, 1993. He alleged that his trial counsel was ineffective in failing to communicate a plea bargain, in denying Wilson the right to testify on his own behalf, in failing to assert a voluntary intoxication defense, in blocking Wilson's demand for a speedy trial, in refusing to interview or call alibi witnesses, and in failing to request an instruction that Wilson was medicated during the trial. Wilson also alleged the imposition of costs and fees without notice; departure from the guidelines without written reasons; insufficiency of the evidence to prove kidnapping; and an improper determination of his competency to stand trial.
*186 The trial court summarily denied the motion by order of January 3, 1994. As to the allegation of ineffective assistance, the court held that the failure to communicate a plea bargain did not constitute ineffective assistance; keeping Wilson off the stand was a tactical decision; the record reflected no intoxication at the time of the crime; seeking a speedy trial was a tactical decision; Wilson failed to assert the names or testimony of his alibi witnesses, or the resulting prejudice; and the jury instruction issue could have been raised on direct appeal. As to the remaining grounds, the court found that the imposed fees and costs were mandated by statute; that the scoresheet showed a guidelines sentence; and that the sufficiency of the evidence and the determination of competency should have been raised on direct appeal.
The motion herein was correctly denied as to all but three grounds, as to which reversal and remand for further proceedings is required. A claim for ineffective assistance of counsel in failing to communicate a plea offer is adequate where it alleges that: 1) counsel failed to communicate a plea offer, 2) had the defendant been adequately advised he would have accepted the offer, and 3) the acceptance of the offer would have resulted in a lesser sentence. Young v. State, 608 So.2d 111, 113 (Fla. 5th DCA 1992). Here, Wilson alleged that counsel "failed to communicate plea offers ranging between 30 and 40 years" in return for a guilty plea; that he would have accepted such offers; and that such offers would have resulted in a lesser sentence. Because Wilson has stated a colorable ground for relief, summary denial was inappropriate.
As to the alleged denial by counsel of the right to testify, in Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994), the trial court denied a 3.850 motion alleging that counsel had deprived the defendant of the right to testify by abruptly resting the case. The motion did not set forth the substance of the defendant's proposed testimony, nor how it would have affected the outcome of the trial. The court nevertheless reversed and remanded for an evidentiary hearing to determine whether counsel, deliberately or through negligence, interfered with a right the defendant otherwise would have exercised. Gill, 632 So.2d at 662.
Wilson does not allege herein either the substance of his testimony, or a reasonable probability that such testimony would have created a reasonable doubt. However, he does allege that, although he repeatedly advised his lawyer of his desire to testify, his will was overborne by the lawyer's threats that, if Wilson testified or complained, the lawyer would withdraw from the case. We find that, under Gill, Wilson has stated a colorable ground for relief, and that summary denial as to this ground was also inappropriate.[1]
Finally, Wilson alleged that the trial court departed from the sentencing guidelines without entering written reasons therefor. The trial court ruled that the allegation was refuted by the guidelines scoresheet, but did not attach that scoresheet to its order as required. See Fla.R.Crim.P. 3.850(d) (when denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the prisoner is entitled to no relief shall be attached to the order).
We find that the trial court erred in denying the foregoing claims without either an evidentiary hearing or attachment of those portions of the files and records conclusively showing that Wilson is entitled to no relief. We therefore reverse the summary denial of the motion appealed herein as to the three grounds discussed herein, and remand for further proceedings.
ALLEN and MICKLE, JJ., and WENTWORTH, Senior Judge, concur.
NOTES
[1] While we note that this court has required an evidentiary hearing based on a similar motion which alleged the substance of the testimony, as well as a reasonable probability that the testimony would have created a reasonable doubt, Williams v. State, 601 So.2d 596, 597-98 (Fla. 1st DCA 1992), Williams did not hold that only such allegations were sufficient to state a colorable claim as to this issue.