PARIENTE, Judge.
This appeal follows from the trial court’s summary denial of defendant’s motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm on all grounds, except for defendant’s assertion that he did not voluntarily waive his right to testify on his own behalf.
On remand, an evidentiary hearing is required only on the question of whether trial counsel was ineffective by depriving defendant of his right to testify on his own behalf at trial. The focus of the inquiry, based on defendant’s sworn allegations, should be whether defendant waived his right to testify, or whether that right was waived by his trial counsel without his agreement. See Kersey v. State, 636 So.2d 789 (Fla. 2d DCA 1994); Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994); Williams v. State, 601 So.2d 596 (Fla. 1st DCA 1992).
As an alternative to an evidentiary hearing, the trial court may attach portions of the record if they conclusively establish that defendant is not entitled to the relief sought. However, as it stands now, the conversations to which defendant refers in his 3.850 motion were presumably private attorney-client conversations not contained in the record. Furthermore, the state does not contend that there are portions of the record which will demonstrate that defendant personally waived his right to testify. Therefore, an evidentiary hearing may be the only viable alternative.
Defendant contends that he had stated his desire to testify to counsel so that he could dispel the erroneous testimony of the detective. He further contends that although counsel attempted to convince him that his testimony would do more harm than good, he still insisted on taking the stand. Despite this insistence, defendant asserts counsel nevertheless rested the case without permitting defendant to testify. Defendant’s motion may be denied if the evidence demonstrates that his claims are untrue, e.g. that he became dissatisfied with counsel’s choice only through hindsight or if, contrary to defendant’s claims, counsel did confer with defendant and reasonably concluded that defendant agreed with the decision to rest without taking the stand. Gill.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GUNTHER and POLEN, JJ., concur.