PER CURIAM.
Freddie Lynn appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Of the five grounds of ineffective assistance of counsel raised, one has merit: defense counsel’s failure to honor the appellant’s desire to testify. We reverse for further proceedings as to this issue only.
When the trial court denied the motion, it did not have the benefit of Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994), which addresses claims of ineffective assistance of counsel for refusing to accept the defendant’s decision to testify. The trial court' denied *105 relief on this ground because the appellant admitted that his counsel argued “very persuasively against his taking the stand” and he conceded that he “finally yielded to the pressures applied by counsel.” The “pressures” included defense counsel’s threat that the judge would remove the appellant from the courtroom for the remainder of the trial. The trial transcript attached to the order of denial does not contain a colloquy about the appellant’s desire to testify.
Contrary to the trial court’s ruling, we hold that the appellant’s allegations regarding the decision to testify are facially sufficient. See Wilson v. State, 647 So.2d 185 (Fla. 1st DCA 1994) (allegation that defendant’s will to testify was overborne by counsel’s threat of withdrawal constitutes color-able claim prohibiting summary denial). We therefore remand for further proceedings. Unless portions of the record or files exist conclusively refuting the appellant’s allegation regarding the decision to testify, the trial court must conduct an evidentiary hearing on this claim. The trial court should determine whether the appellant acquiesced in the decision not to testify. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
Affirmed in part, reversed in part and remanded for further proceedings.
RYDER, A.C.J., and DANAHY and LAZZARA, JJ., concur.