PER CURIAM.
Bobby A. LaTulip appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Contrary to the trial court’s determination, we find LaTulip’s claims of ineffective assistance of counsel for failure to impeach a state witness and failure to permit LaTulip to testify to be facially sufficient pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We, therefore, reverse on those issues only and remand for attachments or further proceedings.
In his timely filed motion, LaTulip claims trial counsel was ineffective for failing to impeach the credibility of the state’s key witness. He contends that such witness’s trial testimony was inconsistent with earlier statements he made to police and with his pretrial deposition testimony. LaTulip argues he was prejudiced by trial counsel’s failure to impeach because the jury might not otherwise have returned a verdict in favor of the state. Since such allegations seem to satisfy the two prongs of Strickland, the trial court erred in finding LaTulip’s motion to be facially insufficient in that regard.
LaTulip also claims trial counsel was ineffective by depriving him of his right to testify on his own behalf. He argues that he asked trial counsel on two separate occasions if he could testify. Trial counsel, however, insisted he did not want LaTulip to take the stand because counsel wanted to have first and last closing argument. LaTulip contends he was unaware he had the right to testify despite his attorney’s advice and claims he could have refuted the testimony of the state’s key witness if only he had been permitted to do so. Since LaTulip sufficiently sets forth a prima facie showing of his entitlement to relief on this issue pursuant to both Strickland and Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994), the trial court erred in finding LaTulip’s motion to be facially insufficient on this ground as well.
On remand, unless the case files and records conclusively show LaTulip is not entitled to relief, the trial court shall order the state to file an answer. Thereafter, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach those portions of the record that conclusively refute LaTulip’s claims.
Accordingly, the instant cause is reversed and remanded as to the issues discussed herein. Since we find no merit in the remaining issues raised in LaTulip’s motion for postconviction relief, the trial court’s order of denial in this instance is otherwise affirmed.
BLUE, A.C.J., and FULMER and QUINCE, JJ., concur.