MICKLE, Judge.
Raymond Alonzo Mims appeals the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Of the two grounds of ineffective assistance of counsel raised, one has merit: defense counsel’s failure to honor Mims’ desire to testify. We reverse for further proceedings as to this issue only.
Mims alleged that, had he been allowed to testify, his alibi testimony would have corroborated the testimony of the sole defense eyewitness that Mims was not present at the scene of the crime. Without conducting an evidentiary hearing, the trial court denied relief, concluding that defense counsel made a tactical decision that Mims should not testify given his extensive criminal record, and also that Mims had failed to demonstrate in his motion how the outcome of the trial would have been different but for the alleged ineffectiveness of counsel. Attached to the trial court’s order is a copy of what purports to be Mims’ criminal record.
Mims’ allegations were sufficient to require the trial court to attach portions of the record which refuted the claim, or to hold an evidentiary hearing. See Wilson v. State, 647 So.2d 185 (Fla. 1st DCA 1994); Merritt v. State, 642 So.2d 845 (Fla. 4th DCA 1994); Kersey v. State, 636 So.2d 789 (Fla. 2d DCA 1994); Dukes v. State, 633 So.2d 104 (Fla. 2d DCA 1994); Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994); Williams v. State, 601 So.2d 596 (Fla. 1st DCA 1992). Herein, the trial court attached a copy of Mims’ criminal record as conclusive refutation of the asserted claim for relief. While the existence of an extensive criminal record is unquestionably some indication of the soundness of defense counsel’s decision to withhold the testimony of Mims in this case, in view of the pivotal nature of the avowed alibi evidence, we believe something more than a criminal record alone was necessary to support the denial of Mims’ claim for relief.
Accordingly, because we conclude that the trial court’s attachments do not conclusively rebut Mims’ claim, we reverse and remand with directions that the trial court either conduct an evidentiary hearing or again deny the motion attaching further portions of the record conclusively demonstrating that Mims is entitled to no relief. In all other respects the trial court’s order denying the motion for post-conviction relief is affirmed.
*578 AFFIRMED in part; REVERSED in part; REMANDED.
WEBSTER and VAN NORTWICK, JJ., concur.