657 So.2d 4 (1995)
The STATE of Florida, Appellant,
v.
Robert OISORIO, Appellee.
No. 94-595.
District Court of Appeal of Florida, Third District.
April 26, 1995.
Order Acknowledging Conflict, but Denying Certification of Conflict June 21, 1995.
*5 Robert A. Butterworth, Atty. Gen., and Joni Braunstein, Asst. Atty. Gen., for appellant.
Scott A. Srebnick, William P. Cagney, III, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
After we per curiam affirmed his drug conviction in Oisorio v. State, 585 So.2d 942 (Fla. 3d DCA 1991), the trial court, upon an evidentiary hearing, granted the defendant's motion for 3.850 relief on the ground of ineffective assistance of trial counsel. That order is reversed because the record demonstrates, as a matter of law, that Oisorio did not satisfy the second, or "prejudice," prong of Strickland v. Washington, 466 U.S. 668, 669, 104 S.Ct. 2052, 2055-56, 80 L.Ed.2d 674, 682 (1984), that, but for "counsel's [alleged][1] unprofessional errors, the result of the proceeding would have been different." The evidence against Oisorio was so overwhelming, and the now-asserted defensive materials so patently insubstantial that no rational jury could do anything but convict him. The trial court is instructed to reinstate the conviction and sentence forthwith.

On Motion for Certification
PER CURIAM.
Defendant Robert Oisorio has requested that this court certify direct conflict with Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994). Gill states that where the defendant claims that he was deprived of the right to testify by reason of ineffective assistance of trial counsel, the defendant need not also satisfy the second prong of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), namely, that counsel's deficient performance prejudiced the defense. 632 So.2d at 661-62. We acknowledge conflict with Gill on this issue. In our view the court in Gill misapprehended the holding of United States v. Teague, 953 F.2d 1525 (11th Cir.) (en banc), cert. denied, ___ U.S. ___, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992), which Gill purports to follow. Teague explicitly states that:
the appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In Strickland, the Supreme Court defined two requirements for a claim of ineffective assistance of counsel:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687, 104 S.Ct. at 2064.
953 F.2d at 1534. Teague and a companion case, Nichols v. Butler, 953 F.2d 1550 (11th Cir.1992) (en banc), hold that both prongs of the Strickland test must be satisfied in order to obtain postconviction relief. Teague, 953 F.2d at 1534; Nichols, 953 F.2d at 1552-53;[1]accord United States v. Camacho, 40 F.3d 349, 355 (11th Cir.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1810, 131 L.Ed.2d 735 (1995); State v. Flynn, 190 Wis.2d 31, 527 N.W.2d 343, 350-51 (Ct.App. 1994), review denied, ___ Wis.2d ___, 531 N.W.2d 326 (1995), cert. denied, ___ U.S. ___, 115 S.Ct. 1389, 131 L.Ed.2d 241 (1995).
In the present case, in order to leave the question of further review, if any, entirely discretionary with the Florida Supreme *6 Court, we decline to certify direct conflict. Compare Fla. Sup. Ct. Manual Internal Operating P. § II(A)(1) with § II(A)(2).
Conflict acknowledged;[2] motion for certification of direct conflict denied.
NOTES
[1] Although we need not directly consider the issue, we are highly doubtful that the defendant satisfied the first, or "performance," prong of Strickland either.
[1] In Teague, the first prong of the Strickland test was not satisfied; thus the court did not reach the second prong, namely, "whether Teague's defense was prejudiced in this case." 953 F.2d at 1535 (footnote omitted). In Nichols v. Butler, both prongs of the Strickland test were satisfied. 953 F.2d at 1552-53.
[2] Cases following Gill include LaTulip v. State, 645 So.2d 552 (Fla. 2d DCA 1994); Lynn v. State, 645 So.2d 104 (Fla. 2d DCA 1994); Merritt v. State, 642 So.2d 845 (Fla. 4th DCA 1994). Compare Williams v. State, 601 So.2d 596, 599 (Fla.1st DCA 1992) (both prongs must be met) and Kenney v. State, 650 So.2d 1136, 1136 (Fla. 1st DCA 1995) (petitioner alleged both prongs met) with Wilson v. State, 647 So.2d 185, 186 (Fla. 1st DCA 1994) (remanding for evidentiary hearing where petitioner alleged first prong was met).