PER CURIAM.
Johnny Tarver appeals from the summary denial of his motion for posteonviction relief. Tarver raised two claims in his motion, both of which warrant relief. Therefore, we reverse and remand for action consistent with this opinion.
First, Tarver claimed his trial attorney was ineffective for refusing his request to testify in his own behalf at trial. Since the order denying relief is unaccompanied by any supporting documentation, we are unable to determine whether relief was properly denied on this point. On remand, unless the case files and records conclusively show Tar-ver is not entitled to relief, the trial court shall order the state to file an answer. Thereafter, the trial court shall determine whether an evidentiary hearing is required. If the trial court summarily denies relief, it shall attach to its order those portions of the record conclusively refuting Tarver’s claim. See, e.g., LaTulip v. State, 645 So.2d 552 (Fla. 2d DCA 1994); Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994).
Tarver is also entitled to relief on his second point — namely, that because the trial court failed to enter contemporaneous written reasons for departure he must be resen-teneed within the guidelines. Tarver’s sentencing occurred on February 5, 1990, but the “Explanation of Departure from Sentencing Guidelines” was not rendered until eight days later on February 13,1990. Therefore, since Tarver’s direct appeal was not yet final when the Florida Supreme Court issued its mandate in Ree v. State, 565 So.2d 1329 (Fla.1990), which was later held to apply retroactively in Smith v. State, 598 So.2d 1063 (Fla.1992), and which was recently discussed at length in State v. Brown, 655 So.2d 82 (Fla.1995), Ree applies to Tarver’s sentence. Accordingly, the order denying Tar-ver’s motion for postconviction relief is reversed and remanded.
Under no circumstance, whether Tarver ultimately receives relief on his first point or not, shall Tarver be resentenced to anything but a guidelines sentence.
Reversed and remanded.
THREADGILL, C.J., and DANAHY and FULMER, JJ., concur.