666 So.2d 1021 (1996)
Elton Pryor HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2735.
District Court of Appeal of Florida, Fourth District.
January 24, 1996.
*1022 Elton P. Hicks, Avon Park, pro se appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sharon A. Wood, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
This is an appeal from an order of the trial court which denied post-conviction relief based upon petitioner's claims of ineffective assistance of counsel. We reverse and remand for an evidentiary hearing or for attachment of parts of the record which conclusively rebut appellant's claims.
Appellant was convicted of burglary and sentenced to twenty years imprisonment as a habitual offender. His conviction and sentence were per curiam affirmed on direct appeal. Hicks v. State, 615 So.2d 168 (Fla. 4th DCA 1993). The State established the case against him through fingerprint evidence on the interior and exterior of a screen within the burglarized apartment. Appellant alleges that the victim testified that she had never cleaned the window or screen in the ten months in which she lived in the apartment. He further alleges that the fingerprint expert testified that she could not determine the age of the prints and that they could have been ten to twenty or more years old. Appellant alleges that had he taken the stand, he would have testified that many months prior to the victim moving into the apartment complex in question, he and several other men used the subject apartment as a drug house to sell drugs and that the prints were left at that time.
Appellant argues that his testimony that he had access to the apartment at a time other than the time of the crime could have exonerated him as a matter of law, or at least, in the minds of the jurors. See Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982) (if defendant shows that he had access to a place or object at a time other than the time of the crime so as to reasonably explain the existence of his fingerprints, that version of the defense must be accepted as true unless contradicted by other proof showing the defendant's version to be false). Appellant claims that the only reason he did not take the stand was because of inaccurate advice from his trial counsel concerning the consequences of his testifying.
Appellant alleges that during an off-the-record discussion, his attorney informed him that if he testified his criminal background would be revealed on cross-examination. Specifically, appellant alleges that his lawyer told him that the jury would be advised of the specific nature of the felony convictions "to show the similarity and propensity to commit similar crimes" and the jury would find out that appellant had recently been released from prison before his arrest for the present burglary charge. Appellant claims that because of this allegedly erroneous advice from counsel, he chose not to testify.
Appellant's allegations must be accepted as true unless refuted by the record. Harich v. State, 484 So.2d 1239 (Fla. 1986). Appellant argues that because of his reliance on counsel's erroneous advice, his decision not to testify was involuntary. Appellant's claims are analogous to those cases holding that a defendant's reliance on erroneous advice renders a plea involuntary and is a basis for an evidentiary hearing. See Montgomery v. State, 615 So.2d 226, 228 (Fla. 5th DCA 1993); Tarpley v. State, 566 So.2d 914 (Fla. 2d DCA 1990). Likewise, appellant's claims are akin to ineffective assistance of counsel cases stemming from an attorney's failure to inform the defendant of the right to testify or where counsel ignores defendant's express desire to testify. See, e.g., Merritt v. State, 642 So.2d 845 (Fla. 4th DCA 1994); Wilson v. State, 647 So.2d 185 (Fla. 1st DCA 1994); Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994). In such cases, as here, the essential focus of the inquiry is whether trial counsel was ineffective by depriving the defendant of his right to testify on his own behalf.
Thus, the initial question is whether appellant was properly advised about the *1023 consequences of testifying. Under section 90.610, Florida Statutes (1993), a witness, including the accused, may be impeached with a conviction for a crime which was punishable by death or imprisonment in excess of one year. Additionally, convictions for crimes involving dishonesty or false statement are admissible to attack credibility. In State v. Page, 449 So.2d 813 (Fla. 1984), the supreme court interpreted "dishonesty" to include crimes involving theft, burglary, and related crimes. However, unless the witness lies about his or her background, the jury is not advised of the specific nature of the crime, only that it involved a felony or a crime involving dishonesty or false statement. Gore v. State, 573 So.2d 87 (Fla. 3d DCA), rev. denied, 583 So.2d 1035 (Fla. 1991).
From our vantage point, it appears that the general substance of defense counsel's alleged advice is correct. If appellant had taken the stand, the jury could have heard that appellant had a criminal background and the nature of it (felony or crime involving dishonesty). If appellant had lied about his background, the jury could have found out about the specific nature of the offense. However, counsel's alleged advice that the jury would have been advised of the similarity of the crimes, appellant's propensity to commit similar crimes, and of appellant's recent release from prison do not appear to be accurate statements. First of all, the prosecution's presentation of similar fact evidence is generally not contingent on whether or not the defendant takes the stand. See § 90.404(2)(a), Fla. Stat. (1993); Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). Therefore, it appears that if appellant avoided the witness stand merely to prevent the presentation of so-called Williams Rule evidence, he was ill-advised. Second, it is not apparent from this record why the fact that appellant had recently been released from prison would have been admissible, merely because appellant chose to testify.
We note the State's argument that appellant's motion should be summarily denied because his story is so "dubious" that there is no reasonable probability that any reasonable jury would have acquitted, based on his testimony. We decline to decide whether appellant's story is reasonable or to speculate as to whether a jury would have found his testimony believable. We believe that the trial court should initially make that determination, but only after the issue of whether or not the advice was erroneous has been resolved.
We also recognize that some cases have held that no prejudice need be shown when the defendant's right to testify has been abridged in any way. See Gill v. State, 632 So.2d 660, 662 (Fla 2d DCA 1994) (holding that where the defendant claims that he was deprived of the right to testify by reason of ineffective assistance of trial counsel, the defendant need not also satisfy the second prong of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), specifically, that the deficient performance prejudiced the defense). Contra State v. Oisorio, 657 So.2d 4 (Fla. 3d DCA 1995) (holding that where the defendant claims he was deprived of the right to testify by reason of ineffective assistance of trial counsel, both prongs of the Strickland test must be satisfied in order to obtain post-conviction relief). We decline to decide that issue in this case because it is not squarely presented. On remand, the trial court may determine that the allegedly erroneous advice was never given as indicated or that there exists a reason not apparent from the present record that the advice was appropriate. Additionally, the trial court may determine that appellant's testimony was indeed material to his defense, thus rendering consideration of the lack of prejudice unnecessary.
Accordingly, because the record does not conclusively refute appellant's allegations as discussed herein, we reverse and remand to the trial court for further attachments or an evidentiary hearing on appellant's claims.
GUNTHER, C.J., concurs.
POLEN, J., concurs in result only.