WEBSTER, Judge,
concurring in part, and dissenting in part.
In his motion, appellant alleged that he was charged with first-degree murder, armed kidnapping, armed robbery, armed burglary, conspiracy to commit first-degree murder, conspiracy to commit armed kidnapping, conspiracy to commit armed robbery and conspiracy to commit armed burglary. He was found guilty, after a jury trial, of all charges, and sentenced to life in prison subject to a mandatory-minimum term of twenty-five years for first-degree murder, and concurrent terms ranging from fifteen to twenty-five years on the remaining charges.
Appellant sought relief based on alleged ineffective assistance of trial counsel, and a claim that the trial court lacked jurisdiction to hear the murder and conspiracy to commit murder charges. In support of the ineffective assistance of counsel claim, appellant recited nine specific instances of what he insisted was deficient performance by his trial counsel. I agree with the majority that the jurisdictional claim is facially devoid of merit. I agree, also, that five of the specific instances of alleged ineffective assistance by counsel are legally insufficient because they lack any factual support. However, I am of the opinion that the remaining four instances contain sufficient factual detail to prevent their summary denial. Therefore, I would reverse as to those instances, and remand for further proceedings.
The following are the allegations of specific instances of ineffective assistance of counsel which I believe to be sufficient to require further proceedings in the trial court:
[1] Counsel advised [appellant] not to testify on his own behalf despite the fact that such testimony would have been consistent with the theory of defense con *852 ceived by counsel and carried out at trial. Furthermore, [appellant’s] testimony would have ... presented the jury with not only a plausible alibi as to the whereabouts of [appellant] during the commission of the crime, but a denial of [appellant’s] involvement from his own lips in a trial which counsel knew and planned to be a swearing contest [between appellant and co-defendants]....
[[Image here]]
[2] Counsel failed to move to separate the trials of Defendant Hagans and [appellant] despite the fact that there was a plethora of evidence against Defendant Hagans which would not have been admissible in the case against [appellant] and was prejudicial to [appellant] obtaining a fair trial. For example, hearsay exception extra judicial admissions by Hagans, a parade of witnesses who implicated Hagans and not [appellant], Hagan’s [sic] obvious and bumbling lies upon his direct and cross examination, Hagans’ attempt to threaten witnesses, the recitation of Hagans’ criminal record to impeach him on cross, the recitation of Hagans’ criminal dealings with other witnesses....
[[Image here]]
[3] Counsel failed to cross examine State’s witnesses as to their prior and present dealings with co-defendants[,] thus losing important information which would have impeached the credibility of those witnesses. For example, Williams and Brown, the disinterested jailhouse informants who testified against [appellant], were co-defendants with other co-defendants in prior cases. They were not therefore disinterested and were assisting their associates by lying about [appellant,] facts which would have impeached their credibility.
[4] Counsel took no steps to either seek enforcement of th[e] Court’s order that the co-defendants be kept separate and apart or to at least investigate and cross examine on the extensive contact and communication which the co-operating co-defendants had prior to testifying. The co-defendants were able, for example, to meet in the county jail and court appearances and actually read each others’ police statements in order to tailor their stories to match and thus be more believable. Counsel claimed at trial that the inconsistent stories of the co-defendants were contrived, but he never showed the jury when and how the co-defendants had the opportunity to so contrive the stories or how the stories changed as time went on and the co-defendants had the opportunity to meet and read each others’ statements. There was a direct correlation between the times the co-defendants met at court and in the jail and the evolution of the stories which condemned [appellant], a fact lost to the defense ...
In addition, appellant alleged that, because “[t]he case against [him] was circumstantial, a swearing match proved through the testimony of co-defendants all of whom gave State’s evidence as to [his] involvement,” the specific instances of deficient performance by his trial counsel “prejudiced [his] defense, such that, but for the errors or omissions of counsel, the outcome of the trial would have been different.”
The majority concludes that the foregoing allegations are facially insufficient, relying on Kennedy v. State, 547 So.2d 912 (Fla.1989). However, the majority fails to explain in what particulars they are insufficient. Bearing in mind that appellant is not a lawyer, and that rule 3.850(c)(6) requires only “a brief statement of the facts (and other conditions) relied on in support of the motion,” I fail to see what more one might fairly require of appellant. It seems to me that appellant has specified “particular acts or omissions of [his] lawyer” which, if true, would appear “to be outside the broad range of reasonably competent performance under prevailing professional standards”; and that he has demonstrated how those “particular acts or omissions,” if true, would “have so affected the fairness and the reliability of the proceeding that confidence in the outcome is undermined.” Id. at 913-14. Moreover, while I recognize that the sufficiency of allegations of ineffective assistance of counsel must be assessed on a case-by-case basis, I am unable to reconcile the degree of specificity in pleading apparently used by the majority to judge *853 appellant’s claims with that used in many-other cases, including Brown v. State, 596 So.2d 1026 (Fla.1992) (factual allegations sufficient to state ineffective assistance claim based on failure to impeach trial witnesses); Mims v. State, 656 So.2d 577 (Fla. 1st DCA 1995) (allegations that counsel failed to honor defendant’s desire to testify sufficient to state ineffective assistance claim); Wright v. State, 646 So.2d 811 (Fla. 1st DCA 1994) (specificity of facts alleged sufficient to state ineffective assistance claim); LaTulip v. State, 645 So.2d 552 (Fla. 2d DCA 1994) (specificity of facts alleged sufficient to state ineffective assistance claim based on failure to impeach trial witness); Porter v. State, 626 So.2d 268 (Fla. 2d DCA 1993) (facts alleged sufficient to state ineffective assistance claim based on failure to impeach trial witnesses); Overton v. State, 531 So.2d 1382 (Fla. 1st DCA 1988) (factual allegations sufficiently specific to state ineffective assistance claims).
In summary, while I concur in affirmance of denial of the jurisdictional claim and of the ineffective assistance claim to the extent that it is grounded on alleged instances of deficient representation other than those quoted above, I would reverse denial of the ineffective assistance claim to the extent that it relies on the alleged specific deficiencies quoted above. Accordingly, to the extent that the majority affirms as to those alleged instances as well, respectfully, I dissent.