676 So.2d 1363 (1996)
Robert OISORIO, Petitioner,
v.
STATE of Florida, Respondent.
No. 86034.
Supreme Court of Florida.
July 18, 1996.
*1364 William P. Cagney, III of William P. Cagney, III, P.A., Miami, and Scott A. Srebnick, Miami, for Petitioner.
Robert A. Butterworth, Attorney General and Joni Braunstein, Assistant Attorney General, Miami, for Respondent.
WELLS, Justice.
We have for review State v. Oisorio, 657 So.2d 4 (Fla. 3d DCA 1995), which expressly and directly conflicts with the opinion in Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We find that a defendant claiming ineffective assistance of counsel based on counsel's interference with his right to testify must meet both prongs of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to obtain postconviction relief.[1]
Oisorio and three codefendants were convicted of drug trafficking. Oisorio appealed his conviction, and the Third District per curiam affirmed. Oisorio v. State, 585 So.2d 942 (Fla. 3d DCA 1991). Oisorio thereafter filed a postconviction motion claiming ineffective assistance of counsel. His motion included an allegation that counsel had prevented him from testifying. The trial court granted Oisorio's motion. The Third District reversed because the record demonstrated, as a matter of law, that Oisorio did not satisfy the prejudice prong of Strickland, which requires the defendant to show that counsel's deficient performance prejudiced the defense. Oisorio, 657 So.2d at 5.
Oisorio then filed a motion for certification. He asked the Third District to certify conflict with Gill, which held that a defendant claiming he was denied his right to testify need not satisfy the second prong of Strickland. The Third District acknowledged that its decision conflicted with Gill. However, the court declined to certify conflict because it recognized that Gill was based on an erroneous interpretation of United States v. Teague, 953 F.2d 1525 (11th Cir.), cert. denied, 506 U.S. 842, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992), and its companion case Nichols v. Butler, 953 F.2d 1550 (11th Cir.1992). Oisorio, 657 So.2d at 5.
In Teague, the Eleventh Circuit concluded that Strickland provided the appropriate means of addressing claims that a defendant's right to testify was violated. Teague, 953 F.2d at 1533. Upon reviewing the record of the evidentiary hearing in that case, the court determined that the defendant did not demonstrate that counsel's performance was deficient. Id. at 1535. Because defendant failed to meet the first prong of Strickland, the court found it unnecessary to address the second prong. Teague, 953 F.2d at 1535. The court, however, did not find as Gill indicates that a defendant alleging counsel interfered with his or her right to testify must only prove counsel's deficient performance in order to obtain relief.
Oisorio concedes that Gill misconstrued Teague but argues that in light of the significance of the right to testify, this Court should adopt a per-se rule of prejudice like that advanced in Gill. We decline to adopt such a rule. Rather, we hold, consistent with Teague, that in order to obtain postconviction relief, a defendant claiming his or her right *1365 to testify was violated must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Accordingly, we approve the Third District's decision in this case and disapprove Gill to the extent that it is inconsistent with this opinion. We remand the case to the Third District for further proceedings consistent with our decision.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] We address only the conflict issue. We do not address the other issues presented in this case.