PER CURIAM.
We reverse only with respect to appellant’s claim in his rule 3.850 motion that trial counsel failed to properly advise him that if he testified at trial, the jury would learn of his prior felony convictions. See generally Hicks v. State, 666 So.2d 1021 (Fla. 4th DCA 1996). The case is remanded for either attachment of portions of the file and records conclusively showing appellant was not entitled to relief, or for an evidentiary hearing concerning appellant’s decision to testify in light of the said failure.
As to all other grounds alleged, we affirm the trial court’s summary denial.
*424 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WARNER, PARIENTE and SHAHOOD, JJ., concur.