PER CURIAM.
Edmond Charles Hill appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. After a jury trial, Hill was convicted of attempted voluntary manslaughter with a firearm and attempted armed robbery with a firearm. He was sentenced as a habitual offender to thirty years’ prison with twenty years of the sentence suspended. Hill alleges that his trial counsel was ineffective in numerous ways. We find that one of Hill’s claims is facially sufficient and reverse as to it.
Hill alleges that his trial counsel was ineffective in that he interfered with or deprived Hill of his right to testify. Such a claim may state a basis for relief pursuant to rule 3.850. See Oisorio v. State, 676 So.2d 1363 (Fla.1996). The trial court denied Hill’s claim, finding that it was refuted by the record. In support of this conclusion, the trial court attached a portion of the trial transcript in which the court advised Hill that the decision whether or not to testify was his alone to make. In response, Hill stated that he wished to discuss the matter with his attorney before making a final decision. The court then recessed for the day. When trial resumed the next day, the issue was not addressed. Defense counsel simply rested.
If, in fact, Hill advised his attorney that he wanted to testify and his attorney nonetheless rested without giving him the op *10 portunity to do so, such conduct could support a claim of ineffective assistance of counsel, provided, of course, that Hill can show he was prejudiced as a result. See, e.g., Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994)(holding claim that counsel rested without affording defendant who wished to testify an opportunity to do so constituted facially sufficient claim of ineffective assistance of counsel); disapproved on other grounds, Oisorio, 676 So.2d at 1365 (holding that a defendant claiming ineffective assistance of counsel based on interference with the right to testify must show that he or she was prejudiced by the deficient performance).
Hill has adequately alleged that he was prejudiced by counsel’s purported deprivation of his right to testify. Although the facts surrounding this case are not entirely clear from the record before this court, it appears that Hill approached a group of people including the victim of the attempted manslaughter, Freeman Bagley. They exchanged words and a fight ensued in which Bagley and Hill were both shot. Hill alleges that he wished to testify that he was shot in the back during the altercation and was “fighting for his life” when the attempted manslaughter occurred. It appears from Hill’s account that self-defense was his only possible defense. According to Hill’s motion, his request for a self-defense instruction was denied by the trial court. Had he testified as he now indicates he was prepared to do, he would have been entitled to such an instruction. See, e.g., McInnis v. State, 642 So.2d 831 (Fla. 2d DCA 1994) (holding that a defendant is entitled to an instruction on his theory of the defense if there is any evidence to support it). Under these circumstances, we believe Hill has adequately shown that he was prejudiced by counsel’s alleged interference with his decision to testify. Therefore, we reverse and remand for an evidentiary hearing as to this claim.
We find that Hill’s other claims are facially insufficient in that Hill has failed to plead adequate facts to establish that he was prejudiced by trial counsel’s other alleged deficiencies. We, therefore, affirm as to them.
Affirmed in part; reversed in part; and remanded.
BLUE, A.C.J., and NORTHCUTT and STRINGER, JJ., Concur.