PER CURIAM.
Appellant, Larry Cornelius, appeals the trial court order summarily denying his motion for post-conviction relief alleging four claims of ineffective assistance of trial counsel. We affirm as to grounds one and four, but reverse and remand as to grounds two and three.
Ground two is a claim of ineffective assistance of counsel for failure to investigate and call to trial as a witness Appellant’s co-defendant, Jason Edge. Appellant’s allegations were legally and factually sufficient, and were not conclusively refuted by the state’s attachment of a probable cause affidavit alleging what the co-defendant told a detective. Ground three is a claim of failure of counsel to allow Appellant to testify at trial on his own behalf. It, too, is legally and factually sufficient. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Oisorio v. State, 676 So.2d 1363 (Fla.1996). The trial court’s attachment of portions of the record identified in the state’s response did not conclusively refute these two claims.
We, therefore, affirm the trial court’s summary denial of grounds one and four, but reverse and remand the summary denial of grounds two and three, for either attachment of portions of the record conclusively refuting these claims, or an evi-dentiary hearing.
POLEN, C.J., STONE and TAYLOR, JJ., concur.