PER CURIAM.
The trial court summarily denied appellant’s motion for postconviction relief from his conviction for second degree murder in which he raised eight claims. We affirm all issues and address the claim that his lawyer was ineffective for refusing to allow him to testify. The state adequately refuted this claim by citing to that portion of the record where the court confirmed the defendant waived his right on the record. Specifically, the court informed the defendant that he had the absolute right to testify and that it was not counsel’s decision, but ultimately, the appellant’s decision to make. Appellant alleges that counsel did not want appellant to testify to facts contrary to the defense that the incident was an accident. However, he alleges no affirmative misadvice nor counsel’s threat to withdraw if he did testify, as in Wilson v. State, 647 So.2d 185, 186 (Fla. 1st DCA 1994). Thus, his allegations failed to state a colorable ground for relief based upon ineffective assistance of counsel.
Affirmed.
WARNER, GROSS and HAZOURI, JJ., concur.