929 So.2d 705 (2006)
Eliezer BARRIENTOS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3451.
District Court of Appeal of Florida, Fourth District.
May 24, 2006.
Rehearing Denied May 24, 2006.
John D. Middleton of John D. Middleton, P.A., Melrose, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

*706 ON MOTION FOR REHEARING

PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
Eliezer Barrientos seeks review of an order that summarily denied his multi-issue Florida Rule of Criminal Procedure 3.850 motion. We reverse and remand for further review of two related points and affirm the denial of the remaining claims.
Barrientos was tried and convicted for the sole offense of possession of a firearm by a convicted felon. There was a stipulation that Barrientos was a convicted felon. Hence, the state needed to prove that the firearm was in Barrientos' care and control, as it was unquestionably in the vehicle he was driving when he was stopped by police, and the vehicle was registered to him. Accordingly, to challenge the remaining element, Barrientos had to create doubt that the firearm was in his care or control. Testimony that others had borrowed the vehicle was therefore relevant.
According to Barrientos, he wanted to testify that he did not put the firearm in his car, and at times he allowed others to use his vehicle. In the ninth point of his motion for postconviction relief, Barrientos argued that counsel intimidated and coerced him into waiving his right to testify. He alleged that counsel advised that it was his policy not to place on the witness stand any client who had prior felony convictions. Barrientos alleges that counsel assured Barrientos that this testimony would be presented through other defense witnesses. Also, Barrientos claims that counsel told him that if he testified, the state would be allowed to reveal to the jury the exact nature of his prior convictions.
In Oisorio v. State, 676 So.2d 1363, 1364-65 (Fla.1996), the supreme court stated "that in order to obtain postconviction relief, a defendant claiming his or her right to testify was violated must show that counsel's performance was deficient and that deficient performance prejudiced the defense." In this case, reversal is warranted because of Barrientos' related claim that counsel was ineffective in having failed to present defense witnesses Alberto Valez and Edward Pratt who would have provided testimony that Barrientos allowed them and others to use his vehicle. The record below does not refute Barrientos' specific claim that he forewent testifying because the defense witnesses would furnish such evidence. As the potential defense witnesses did not testify about Barrientos' "practice" of lending his car to them and others, no evidence was presented from which defense counsel could present this theory to cast reasonable doubt.
Apparently the decision not to call the witnesses was made when defense counsel advised that if the witnesses testified, the prosecution would inform the jury that prior to the stop and arrest of Barrientos, a search warrant had been executed at a residence believed to be his, and that the police were looking for drugs. It is not clear whether Barrientos was aware of this when deciding whether to testify.
The case is reversed and remanded for an evidentiary hearing on these issues.
WARNER, SHAHOOD and MAY, JJ., concur.