991 So.2d 1006 (2008)
Fidel V. TRUJILLO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-761.
District Court of Appeal of Florida, Second District.
October 8, 2008.
*1007 CASANUEVA, Judge.
Mr. Trujillo filed a two-claim motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court summarily denied claim one on its merits and summarily dismissed claim two as facially insufficient. We affirm the denial of claim one without further comment. We reverse the dismissal of claim two and remand for further proceedings.
In claim two, Mr. Trujillo claimed that his counsel was ineffective because he interfered with Mr. Trujillo's right to testify in his own defense. Mr. Trujillo claimed that he did not speak English and there was no interpreter present at his proceedings. He claimed that he did not understand his right to testify and could not have knowingly, voluntarily, or intelligently waived that right. This claim is cognizable under rule 3.850. See Oisorio v. State, 676 So.2d 1363 (Fla.1996). The postconviction court correctly determined that the claim was facially insufficient because Mr. Trujillo failed to allege any prejudice that resulted from counsel's allegedly deficient performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
However, the Florida Supreme Court's opinion in Spera v. State, 971 So.2d 754 (Fla.2007), requires the postconviction court to provide the petitioner an opportunity to amend a legally insufficient claim so long as that claim is not conclusively refuted by the record and may be corrected in good faith. There is nothing in the record before us to suggest that Mr. Trujillo would be unable to sufficiently supplement his allegation. Accordingly, we reverse the summary dismissal of claim two with instructions to strike the claim, with leave to amend within a specific, reasonable amount of time. See id. at 762.
Affirmed in part, reversed in part, and remanded.
VILLANTI and KHOUZAM, JJ., Concur.