COHEN, J.
Darryl Montgomery appeals from the judgment and sentence entered after a jury found him guilty of the sale of cocaine and accessory after the fact to robbery with a firearm. Montgomery argues that the trial court committed fundamental error by conducting a colloquy, in the jury’s presence, regarding his right to testify and by asking defense counsel to advise Montgomery to refrain from disruptive behavior during the State’s closing argument. We disagree and affirm, but we write to address the colloquy issue.
After the defense rested, the following exchange took place before the jury:
THE COURT: I do need [defense counsel] to confirm with your client that it’s his decision not to testify.
Mr. Montgomery, as I’m sure you know, you have the right to testify. You also have the right to remain silent and not testify, but I need to know that it’s your decision not to testify in the trial. [MONTGOMERY]: No, sir, I would not like to testify.
THE COURT: Okay. For the record then he’s indicated it’s his decision not to testify.
The jury was later instructed as follows: “The defendant has exercised a fundamental right by choosing not to be a witness in this case. You must not view this as an admission of guilt or be influenced in any way by his decision.” Montgomery was convicted, and this appeal ensued.
A trial court is not required to make a record inquiry concerning a defendant’s waiver of the right to testify. Torres-Arboledo v. State, 524 So.2d 403, 411 n. 2 (Fla.1988). If the court chooses to make such an inquiry, however, it should do so outside the presence of the jury. See Gill v. State, 632 So.2d 660, 663 (Fla. 2d DCA 1994) (Parker, J., concurring) (encouraging trial courts to conduct colloquy regarding right to testify and stating “[t]his address to a defendant, of course, must be out of *639 the hearing of the jury”), rev’d, on other grounds, Oisorio v. State, 676 So.2d 1863 (Fla.1996).
We conclude that although the trial court’s failure to remove the jury before conducting the colloquy was in error, it did not rise to the level of fundamental error in this case. The jury instructions reminded the jurors that Montgomery had chosen not to testify and instructed them not to view his exercise of that right as an admission of guilt. Moreover, the evidence of Montgomery’s guilt was overwhelming. Thus, it cannot be said that the guilty verdict could not have been obtained without the assistance of the error. Cf. Robards v. State, 112 So.3d 1256, 1271 (Fla.2013) (holding prosecutor’s improper comments during closing argument did not constitute fundamental error where evidence of defendant’s guilt was overwhelming). We trust that in future cases the trial court will conduct the colloquy outside the presence of the jury.
AFFIRMED.
SAWAYA and BERGER, JJ., concur.