THOMPSON, FORD L., (Ret.), Associate Judge.
Menendez appeals an order denying his Fla.R.Crim.P. 3.850 motion for post-conviction relief. We affirm in part and reverse and remand for an evidentiary hearing on one issue.
Menendez was convicted following a jury trial on December 31, 1986, of trafficking in cocaine, possession of cocaine, and carrying a concealed firearm. His conviction was affirmed on direct appeal. Menendez v. State, 521 So.2d 210 (Fla. 1st DCA 1988). On February 9, 1989, he filed a 3.850 motion raising the following four grounds for relief: (1) that his conviction was obtained by the use of evidence gained by an unlawful search and seizure as the search warrant did not include the Oldsmobile he allegedly drove and no probable cause existed to search it; (2) that the conviction was obtained using evidence obtained pursuant to an unlawful arrest as he did not rent or reside in the hotel room so no probable cause existed for his detention; (3) that his conviction was obtained in violation of his right against self-incrimination as he speaks only limited English and was Miran-dized, if at all, only in English, rendering his statements inadmissible; and (4) that he was denied effective assistance of counsel at both the trial and appellate levels in that his trial counsel neglected to insist that appellant be afforded an interpreter or to object to the failure to provide one thereby failing to preserve the issue for appeal and that appellate counsel failed to raise this issue on appeal contrary to his urging.
We affirm the first three issues because they were raised or should have been raised in the prior direct appeal. We reverse the summary denial of relief on the fourth issue and reverse and remand to the trial court for an evidentiary hearing on the sole issue of whether Menendez was denied effective assistance of counsel at the trial level because of the failure of his counsel to request an interpreter for assistance at trial or the failure of counsel to object to the denial of an interpreter to assist at the trial level.
Affirmed in part and reversed in part and remanded for an evidentiary hearing consistent with this opinion.
ERVIN and NIMMONS, JJ., concur.