584 So.2d 649 (1991)
Joseph Terrell HARDMAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 90-2777.
District Court of Appeal of Florida, First District.
August 15, 1991.
Joseph Terrell Hardman, pro se.
No appearance, for appellee.
PER CURIAM.
Hardman appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Hardman was arrested for attempted first degree murder with a firearm. A jury found him guilty and he was convicted in December 1987. He was sentenced to seventeen *650 years in prison and twenty years probation. Hardman filed a notice of appeal. Among the judicial acts to be reviewed were that the verdict was contrary to the law and the weight of the evidence and that the trial court erred by denying Hardman's motion for judgment of acquittal. The Public Defender's office filed an Anders brief, which stated that since defense counsel at trial made boilerplate motions for a new trial and judgment of acquittal, the weight and sufficiency of the evidence were not preserved for review. See Johnson v. State, 478 So.2d 885 (Fla. 3d DCA 1985); Cornwell v. State, 425 So.2d 1189 (Fla. 1st DCA 1983). The appeal was voluntarily dismissed.
Hardman filed a 3.850 motion for postconviction relief alleging (1) he was denied effective assistance of counsel because defense counsel did not move for a new trial and the motion for judgment of acquittal did not fully set forth grounds, and therefore Hardman was denied an effective appeal; (2) the evidence was legally insufficient to support a conviction of any crime because there was no proof of premeditation; (3) State did not present a prima facie case; and (4) the trial court lacked jurisdiction to order restitution because there was no hearing or notice of hearing.
The circuit court denied the motion on the grounds that (1) a motion for judgment of acquittal was in fact made and denied; (2) and (3) the jury requested additional instructions on premeditation; and (4) the court had not yet ordered an amount of restitution and would not do so until after a hearing. Further, allegations (2), (3) and (4) could have been raised on direct appeal and are not properly disposed of by a 3.850 motion.
We affirm the denial of postconviction relief as to the issue of restitution as a condition of probation. The issue could have been raised on direct appeal, and the matter is foreclosed from consideration by a 3.850 motion. See generally, McCrae v. State, 437 So.2d 1388 (Fla. 1983). We reverse the remainder of the denial of Hardman's motion because the circuit court did not address Hardman's specific and detailed allegation that trial counsel was ineffective for failing to fully set forth grounds upon which the motion for judgment of acquittal was based as required by Florida Rule of Criminal Procedure 3.380(b). We remand for an evidentiary hearing to determine whether counsel was ineffective.
We are mindful of the third district's concern that allowing an ineffective assistance of counsel claim to be based on the failure to preserve an issue could substantially undermine the preservation of error rule. See Anderson v. State, 467 So.2d 781 (Fla. 3d DCA 1985). A collateral attack based upon a claim of ineffective assistance of counsel  unlike a direct appeal  places a difficult and additional burden on the movant to prove "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); see also, Knight v. State, 394 So.2d 997 (Fla. 1981). Thus providing for relief on this basis does not frustrate the preservation of error rule. In addition, this court is not willing or able to deny postconviction relief from ineffective counsel to avoid offending the preservation of error rule. See Strickland, 104 S.Ct. at 2063 (the sixth amendment right to effective assistance of counsel exists and is needed to protect the fundamental right to a fair trial); see also, Menendez v. State, 562 So.2d 858 (Fla. 1st DCA 1990) (remanding for an evidentiary hearing to determine whether counsel was ineffective for failing to preserve an issue for appeal).
REVERSED and REMANDED for further proceedings.
ERVIN, SHIVERS, and WOLF, JJ., concur.