BOOTH, Judge,
concurring and dissenting:
I concur in the majority’s finding that the first ground raised in the motion for postcon-viction relief is facially insufficient because it should have been raised on direct appeal. See Wells v. State, 598 So.2d 259 (Fla. 1st DCA 1992). I cannot agree with the majority, however, that the trial court erred in denying the motion for postconviction relief as to the four ineffective assistance claims. My review of the motion convinces me that appellant has failed to allege facts which, if true, create a reasonable probability that but for counsel’s unprofessional errors, the disposition of appellant’s criminal case would have been different. See Davis v. State, 627 So.2d 112 (Fla. 1st DCA 1993); Hardman v. State, 584 So.2d 649 (Fla. 1st DCA 1991). Appellant’s principal complaint appears to be that counsel failed to object to the introduction of certain evidence at trial. It is clear from the face of appellant’s own motion, however, that the trial court had previously denied a motion to suppress such evidence. Although counsel’s failure to object at trial may have prevented the issue from being preserved for appellate review, the motion does not allege facts demonstrating that this court would have likely reversed as to a decision to admit the evidence. Consequently, the trial court should not have been concerned, and the majority should not be concerned, with whether counsel’s decisions in this regard could be characterized as tactical.