658 So.2d 1215 (1995)
Michael GOSWICK, Appellant,
v.
STATE of Florida, Appellee.
No. 94-4277.
District Court of Appeal of Florida, First District.
August 15, 1995.
*1216 Michael Goswick, pro se.
Robert A. Butterworth, Atty. Gen.; Thomas Crapps, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Michael Goswick appeals the summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Goswick raises four grounds for relief, only one of which is facially sufficient. Goswick claims that his trial counsel was ineffective for failing to object to certain comments the prosecutor made during closing argument. We reverse and remand for attachment of record or an evidentiary hearing.
On January 22, 1993, Goswick was convicted of one count of second degree murder, in violation of section 782.04, Florida Statutes, one count of grand theft auto, in violation of section 812.014(2)(c)(4), Florida Statutes, and one count of petit theft, in violation of section 812.014(2)(d), Florida Statutes. Goswick filed a direct appeal, and on June 16, 1994, this court affirmed Goswick's convictions. Goswick v. State, 639 So.2d 984 (Fla. 1st DCA 1994).
On November 15, 1994, Goswick filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Goswick alleged that his trial counsel was ineffective for failing to object to certain comments made by the prosecutor during closing argument. In denying Goswick's motion for postconviction relief, the trial court explained:
Last, the Defendant claims that trial counsel was ineffective in failing to object to certain alleged "inflammatory and derogatory comments" made by the prosecution (a copy of the transcript of the State's closing argument, found in volume V of the transcript of proceedings held January 22, 1993, is attached hereto). However, a collateral attack based upon a claim of ineffective assistance of counsel places the difficult and additional burden on the movant to prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Hardman v. State, 584 So.2d 649 (Fla. 1st DCA 1991).
It is on this point that the Defendant's motion is fatally defective. The Defendant fails to adequately illustrate any prejudice suffered as a result of counsel's inaction. As indicated by this Court's denial of the Defendant's Motion for Directed Verdict of Acquittal at the close of the State's case and at the close of all of the evidence, there was substantial evidence in this case supporting the criminal act for which the Defendant was convicted. Though counsel's *1217 failure to object to alleged improper comments made by the prosecution may be characterized as ineffective by the Defendant, the evidence was such that if the derogatory remarks had not been made to the jury, there is not a reasonable probability that the result would have been different.
We agree with the trial court's statement of the applicable law. But we are unable to perform an independent review on this record because the trial court did not attach the portions of the transcript which led it to conclude that there was not a reasonable probability that, absent the derogatory remarks, the result would have been different. Accordingly, because the record before us does not conclusively show that Goswick is entitled to no relief, we reverse and remand for attachment of record or an evidentiary hearing. Fla.R.App.P. 9.140(g).
ERVIN, BENTON and VAN NORTWICK, JJ., concur.