ALLEN, Judge.
The appellant challenges the summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We conclude that the motion was properly denied except as to the allegation that trial counsel was ineffective in failing to raise a hypothesis of innocence (as specified in ground 11), and in refusing to allow the appellant to testify (ground 7). Although the court found that these alleged deficits would not have affected the outcome of the trial, the appealed order contains no substantiating attachment and such harmlessness will not be presumed. Goswick v. State, 658 So.2d 1215 (Fla. 1st DCA 1995); see also Williams v. State, 601 So.2d 596 (Fla. 1st DCA 1992). Indeed, there is some disagreement between the various districts as to whether the harmless error doctrine could even apply to the alleged preclusion of the appellant’s testimony. Compare State v. Oisorio, 657 So.2d 4 (Fla. 3d DCA), rev. granted, 662 So.2d 932 (Fla.1995), with Gill v. State, 632 So.2d 660 (Fla. 2d DCA 1994); see also Wilson v. State, 647 So.2d 185 (Fla. 1st DCA 1994).
The appealed order is reversed in part as indicated herein, and otherwise affirmed. The case is remanded for the judge to either provide the necessary attachments or conduct an evidentiary hearing.
WEBSTER and MICKLE, JJ., concur.