PER CURIAM.
Christopher Berry appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to his Apprendi[1] claim without comment. See Jones v. State, 791 So.2d 580 (Fla. 1st DCA 2001). Although the trial court failed to address Berry’s second claim, we affirm as to it because, as presented, it is not cognizable in a postconviction proceeding. See McDaniel v. State, 683 So.2d 597 (Fla. 2d DCA 1996) (holding that claim that special condition of probation was illegal was not cognizable pursuant to rule 3.800(a)); Hardman v. State, 584 So.2d 649 (Fla. 1st DCA 1991) (holding that challenge to condition of probation could have been raised on direct appeal and therefore could not be raised pursuant to rule 3.850).
Affirmed.
FULMER, A.C.J., and WHATLEY and COVINGTON, JJ., Concur.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).