IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


JOSEPH S. MCDONALD,

       Appellant,

 v.                                 Case No.  5D15-3256

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed September 9, 2016

3.850 Appeal from the Circuit
Court for Orange County,
Christi L. Underwood, Judge.

James S. Purdy, Public Defender, and
Thomas J. Lukashow, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Joseph McDonald (the defendant) appeals the final order entered by the trial court

denying his claims for post-conviction relief. See Fla. R. Crim. P. 3.850.  We conclude

that the trial court reversibly erred in summarily denying ground 10 of the defendant's

post-conviction motion because the court failed to provide attachments that conclusively

showed that the defendant was not entitled to receive any relief. In all other respects, the trial court's order is affirmed.

In ground 10 of his motion, the defendant alleged that defense counsel was ineffective for failing to object to "inappropriate and prejudicial comments and cumulative errors" made by the prosecutor during trial. In summarily denying this claim, the trial court held that the claim was without merit because the defendant failed to demonstrate prejudice resulting from the prosecutor's comments and that the comments were "either non-objectionable or a fair comment on the defense theory or evidence adduced at trial." The defendant challenges the trial court's ruling, arguing that reversal of the summary denial is warranted because the court failed to attach portions of the trial transcript conclusively refuting the claim. We agree. Accordingly, the trial court's summary denial of ground 10 is reversed and this matter remanded for the court to either attach portions of the record that demonstrate conclusively that the defendant is not entitled to receive post-conviction relief on ground 10 or to conduct an evidentiary hearing thereon. See Goswick v. State, 658 So. 2d 1215 (Fla. 1st DCA 1995).

AFFIRMED in part; REVERSED in part; REMANDED.

PALMER, EVANDER and LAMBERT, JJ., concur.

2