PER CURIAM.
Frank Wilson, Jr. appeals an order denying his motion for post-conviction relief filed under Rule 3.850, Florida Rules of Criminal Procedure. We affirm.
Following remand from this court, Wilson v. State, 647 So.2d 185 (Fla. 1st DCA 1994), the trial court held an evidentiary hearing on Wilson’s claims of ineffective assistance of counsel based upon, among other things, his trial counsel’s alleged interference with Wilson’s right to testify on his own behalf. Based on the testimony at the hearing, the trial court denied the 3.850 motion, finding *1254 that Wilson and his trial counsel discussed whether Wilson should testify “many times” and that Wilson and his counsel “agreed ... it would not be in [Wilson’s] best interest to testify ... [and] therefore he did not testify at trial.” Wilson challenges that ruling.
We find that there is competent, substantial evidence in the record to support the trial court’s finding that trial counsel advised Wilson of his right to testify and that Wilson personally made the choice not to testify. Therefore, there has been no showing of ineffective assistance of counsel. See, United States v. Teague, 953 F.2d 1525 (11th Cir.1992), cert. denied, — U.S. -, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992).
In addition, for the reasons stated by the Florida Supreme Court in Torres-Arboledo v. State, 524 So.2d 403, 409-411 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988), we decline Wilson’s invitation to establish a bright-line rule requiring a record waiver of the right to testify.
MICKLE, BENTON and VAN NORTWICK, JJ., concur.