682 So.2d 595 (1996)
The STATE of Florida, Appellant,
v.
Joseph Franklin MOSES, Appellee.
Nos. 94-2952, 94-2938.
District Court of Appeal of Florida, Third District.
October 23, 1996.
Clarification Denied November 20, 1996.
Robert A. Butterworth, Attorney General and Roberta G. Mandel, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender and Roy D. Wasson, Special Assistant Public Defender, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
On consideration of the appellee's motion for rehearing, the opinion of this court dated February 28, 1996, State v. Moses (Fla.3d DCA Case Nos. 94-2952 & 94-2938, opinion filed, February 28, 1996) [21 FLW D525], is withdrawn and the attached corrected opinion is substituted in its place. The corrected opinion deletes footnote one of the February 28, 1996 opinion because the court has concluded it was not justified by the record on appeal and corrects the citation to Turner v. Tennessee at page 596 of the opinion. The motion for rehearing is considered as directed to the corrected opinion and is otherwise denied.
SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ., concur.
Appellee's motion for rehearing en banc is denied.

CORRECTED OPINION
SCHWARTZ, Chief Judge.
The state appeals from an order granting a 3.850 motion and ordering a new *596 trial on the ground that the defendant's public defender had rendered him ineffective assistance at trial by misadvising him as to his potential sentence, thereby resulting in his failure to accept a proposed plea bargain of time served. We hold that the evidence is legally insufficient to support the relief granted under the test stated in In re Alvernaz, 2 Cal.4th 924, 938, 8 Cal.Rptr.2d 713, 722, 830 P.2d 747, 756 (1992)(en banc), which we adopt here:
In determining whether a defendant, with effective assistance, would have accepted the offer, pertinent factors to be considered include: whether counsel actually and accurately communicated the offer to the defendant; the advice, if any, given by counsel; the disparity between the terms of the proposed plea bargain and the probable consequences of proceeding to trial, as viewed at the time of the offer; and whether the defendant indicated he or she was amenable to negotiating a plea bargain. In this context, a defendant's selfserving statementafter trial, conviction, and sentence-that with competent advice he or she would have accepted a proffered plea bargain, is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence. A contrary holding would lead to an unchecked flow of easily fabricated claims.
See also Diaz v. United States, 930 F.2d 832 (11th Cir.1991); Toro v. Fairman, 940 F.2d 1065 (7th Cir.1991), cert. denied, 505 U.S. 1223, 112 S.Ct. 3038, 120 L.Ed.2d 907 (1992); cf. Turner v. Tennessee, 858 F.2d 1201 (6th Cir.1988), vacated, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989), remanded, 883 F.2d 38 (6th Cir.1989), on remand, 726 F.Supp. 1113 (M.D.Tenn.1989), aff'd, 940 F.2d 1000 (6th Cir.1991), cert. denied, 502 U.S. 1050, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992). See generally Drackett Prods. Co. v. Blue, 152 So.2d 463 (Fla.1963).
Accordingly, the order below is reversed with directions to deny the 3.850 motion and reinstate the judgment and sentence.