683 So.2d 606 (1996)
Octavio SANCHEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2720.
District Court of Appeal of Florida, Third District.
November 20, 1996.
Octavio Sanchez, in pro. per.
Robert A. Butterworth, Attorney General, for appellee.
Before BARKDULL, JORGENSON and FLETCHER, JJ.
PER CURIAM.
Although the defendant has characterized his motion as a motion for relief from an illegal sentence brought under Florida Rule of Criminal Procedure 3.800, it is, in substance, a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. In his motion, defendant alleged that his plea was not entered voluntarily, as he did not fully understand the number of counts to which he was pleading or the length of his sentence. Those are issues that cannot be resolved without holding an evidentiary hearing; therefore, the motion should have been brought under rule 3.850. See Callaway v. State, 642 So.2d 636, 639 (Fla. 2d DCA 1994)(postconviction issue requiring evidentiary hearing must be resolved under rule 3.850), approved, 658 So.2d 983 (Fla.1995).
Had defendant properly filed under rule 3.850, his motion would have been untimely because it was filed more than two years after his 1991 conviction. Fla. R.Crim. P. 3.850(b). Moreover, denial of his motion was proper, as it was a successive 3.850 motion. See State v. Salmon, 636 So.2d 16 (Fla.1994) (allegations that were or could have been made in previous postconviction motions did not present grounds for relief); *607 Sanchez v. State, 666 So.2d 909 (Fla. 3d DCA 1996).
AFFIRMED.