PER CURIAM.
The state appeals an order granting appel-lee, Sehiano’s motion for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850. Schiano entered pleas on July 15, 1996. On August 26, 1996, he moved for post-conviction relief. Without holding a hearing on the motion or giving notice to the state, the trial court granted the motion on September 8, 1996, vacating the pleas, judgment and sentence and reinstating the not guilty plea.
Rule 3.850(d) does not permit the trial court to summarily grant a motion for post-conviction relief. Such a motion may be summarily denied if the motion is legally insufficient on its face or “if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.” Id. Where summary denial is not appropriate, the rule provides that
the court shall order the state attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.
Fla. R.Crim. P. 3.850(d). We disagree with Schiano’s contention that the language “or to take such other action as the judge deems appropriate” authorizes the trial judge to dispense with the procedural requirement of giving notice to the state before entering an order adverse to the state’s interests. The purpose of the quoted portion of Rule 3.850(d) is to obtain some type of response from the state to frame the issues in dispute. The part of the rule Schiano relies on gives the trial judge the flexibility to use some other method, such as a hearing, to fix the issues that require judicial decision. Once the issues are so identified, the judge can set an evidentiary hearing, if required, or “make appropriate disposition of the motion.” Id. At least some of the issues raised by Schi-ano’s motion typically require an evidentiary *532 hearing. See Sanchez v. State, 683 So.2d 606 (Fla. 3d DCA 1996); State v. Moses, 682 So.2d 595, 596 (Fla. 3d DCA 1996), review denied, 689 So.2d 1070 (Fla.1997).
On remand, Schiano should be given leave to amend his motion to correct the pleading deficiencies raised by the state. See Panno v. State, 517 So.2d 129, 131 (Fla. 4th DCA 1987), review denied, 525 So.2d 880 (Fla. 1988); Richardson v. State, 677 So.2d 43, 44 (Fla. 1st DCA 1996); State v. Oisorio, 657 So.2d 4, 5 (Fla. 3d DCA 1995), aff'd, 676 So.2d 1363 (Fla.1996).
REVERSED AND REMANDED.
WARNER, SHAHOOD and GROSS, JJ., concur.