898 So.2d 1183 (2005)
Terence A. FRAZIER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1486.
District Court of Appeal of Florida, Third District.
April 6, 2005.
Terence Alan Frazier, for appellant.
Charles J. Crist, Attorney General, and Douglas J. Glaid, Assistant Attorney General (Ft. Lauderdale), for appellee.
Before COPE, GERSTEN, and WELLS, JJ.
WELLS, Judge.
Terence Frazier appeals from the denial of his petition for writ of habeas corpus in which he claims that his guilty plea was involuntary because it was coerced by the trial court. We affirm.
A claim that a plea is involuntary must be brought under Rule 3.850. Sanchez v. State, 683 So.2d 606, 606 (Fla. 3d DCA 1996). That rule imposes a two-year time limit for seeking relief in circumstances such as those existing here. See Fla. R.Crim. P. 3.850(b). As we have stated in the past, a "petition for habeas corpus cannot be used to circumvent the two-year period for filing motions for postconviction relief." Calloway v. State, 699 So.2d 849, 849 (Fla. 3d DCA 1997). The record also shows that petitioner previously filed a 3.850 motion for post-conviction relief in which he raised a number of issues regarding his plea. That motion was denied and affirmed by this court on appeal. *1184 Frazier v. State, 748 So.2d 278 (Fla. 3d DCA 1999). Under the circumstances, we find the instant motion is also barred as successive. See Sanchez, 683 So.2d at 606 (confirming that allegations that could have been made in a previous postconviction motion did not present grounds for relief).
Affirmed.