ROTHENBERG, J.
 

 On March 22, 2000, the appellant, Michael Letrayal Reese (“Reese”), was convicted of trafficking in cocaine after a jury trial. His conviction and sentence were subsequently affirmed on direct appeal.
 
 Reese v. State,
 
 793 So.2d 959 (Fla. 3d DCA 2001) (table). Reese’s motion for postcon-viction relief filed on November 14, 2001, pursuant to Florida Rule of Criminal Procedure 3.850 was also denied, and that denial was affirmed by this Court on September 11, 2002.
 
 Reese v. State,
 
 826 So.2d 310 (Fla. 3d DCA 2002) (table). After an unsuccessful petition for writ of habeas corpus in the federal district court, Reese filed the instant petition for writ of habeas corpus with the Eleventh Judicial Circuit Court of Florida. Reese appeals the trial court’s summary denial of this petition. We affirm.
 
 See Baker v. State,
 
 878 So.2d 1236, 1240-41 (Fla.2004) (holding that a petition for writ of habeas corpus cannot be used to test the legality of a prisoner’s conviction as a substitute for a motion for postconviction relief);
 
 Frazier v. State,
 
 898 So.2d 1183 (Fla. 3d DCA 2005) (stating that a petition for habeas corpus cannot be used to circumvent the two-year period for filing motions for postconviction relief).
 

 Because the claims raised in the instant petition were previously raised or could have been raised on direct appeal or in a timely filed motion for postconviction relief, we affirm the trial court’s denial of the petition.
 

 Affirmed.