Ciklin, C.J.
The state appeals an order granting Pierre-John Lundy’s motions to vacate his pleas, judgments, and sentences. Because the trial court erred by not directing the state to respond to Lundy’s motions and in failing to hold an evidentiary hearing where it was clear that one was needed, we must reverse and remand for further proceedings.
Lundy, a Haitian national in the United States on temporary protected status, was charged with various misdemeanor and felony crimes in three separate cases and entered pleas of nolo contendere in all three cases at a single hearing. The trial court withheld adjudication on all counts except one and placed Lundy on community control for eighteen months,, to be followed by three and a half years of probation. The trial court did not advise Lundy of potential immigration consequences, and at one point referred to him as a “U.S. citizen.”
Lundy later moved to vacate his pleas, judgments, and sentences. Lundy attached to his motion a letter from U.S. Citizenship and Immigration Services informing Lun-dy that his temporary protected status was withdrawn due to his convictions. His motion alleged that, at the time of his plea, the court failed to advise him that a conviction would subject him to mandatory revocation of his protected status and deportation and that he would have gone to trial had he known of the harsh immigration consequences.
Defense counsel explained that Lundy’s motions were filed just one week prior to the hearing and scheduled for a hearing with two days’ notice because Lundy had been removed from his home by United States Immigration and Customs- Enforcement and was being held at a federal detention center. At the time the motions were filed, it was unclear if and when Lundy would be deported.
On the merits, counsel argued that Lun-dy’s pleas should be vacated because there was no mention of immigration consequences during the plea colloquy. The state admitted that there was no mention of immigration consequences at the hearing, but argued the trial court’s omission was immaterial if Lundy’s attorney at the time advised him of such consequences. The state requested a continuance in order to subpoena Lundy’s former counsel. When the trial court raised the time sensitivity issue, the state contended, “[WJe can’t respond. We can’t argue this motion with one day notice when we have to subpoena the witness.” The trial court granted Lundy’s motions based on the transcript of the plea colloquy and his assertion in his *137 sworn motion indicating that he was not advised of the potential immigration consequences.
On appeal, the state contends that the trial court erred in summarily granting the motions to vacate without first ordering the state to respond or holding an evidentiary hearing as required by Florida Rule of Criminal Procedure 3.850(f)(6). We agree.
An order vacating a judgment is reviewed de novo. See State v. Joubert, 847 So.2d 1023, 1025 (Fla. 3d DCA 2003). Motions to vacate a sentence are governed by Florida Rule of Criminal Procedure 3.850. In pertinent part, the rule provides:
Motions Requiring a Response from the State Attorney. Unless the motion, files, and records in the case conclusively show that the defendant is entitled to no relief, the court shall order the state attorney to file, within the time fixed by the court, an answer to the motion. The answer shall respond to the allegations contained in the defendant’s sufficiently pleaded claims, describe any matters in avoidance of the sufficiently pleaded claims, state whether the defendant has used any other available state postcon-viction remedies including any other motion under this rule, and state whether the defendant has previously been afforded an evidentiary hearing.
Fla. R. Crim. P. 3.850(f)(6) (second emphasis added).
Of important note, the rule allows only summary denials and a trial court may not summarily grant a post-conviction relief motion. State v. Schiano, 696 So.2d 531, 531 (Fla. 4th DCA 1997).[1] Rule 3.850 requires the court to order the state to respond in order “to frame the issues in dispute.” Id. Once the issues are clearly identified, “the judge can set an evidentia-ry hearing, if required.” Id.
Indeed, the plain language of rule 3.850(f)(6) indicates that the trial court was required to order the state to answer Lun-dy’s motions, because the record, motions, and files of the cases did not conclusively show that Lundy was not entitled to relief. Further, once the state announced at the hearing on the motions to vacate that it needed the testimony of Lundy’s counsel, it should have been clear that an evidentia-ry hearing was required.
Consequently, the trial court erred in summarily granting Lundy’s motions for post-conviction relief. We reverse and remand for further proceedings. On remand, the state should be permitted to respond to Lundy’s motion to vacate and an eviden-tiary hearing should be held on the issues framed.

Reversed and remanded with instructions.

Taylor and Forst, JJ., concur.

. In Schiano, this court interpreted a prior version of rule 3.850, but its analysis remains applicable to the current version of the rule insofar as it is addressed in this opinion.