DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN ALEXANDER FUNDERBURK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1667

[February 20, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 56-2017-CF-000106A.

Carey Haughwout, Public Defender, and Claire V. Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Brian Funderburk appeals his conviction and sentence after entering a negotiated plea, arguing that he pled to a non-existent crime not charged in the information; he was charged with "Driving While License Revoked – Habitual Offender," but his judgment and probation order reflect a conviction for "Driving While License Suspended – Habitual Offender."

We affirm appellant's sentence, but remand with instructions to correct the scrivener's error on the judgment and probation order to reflect that appellant was convicted of Driving While License Revoked – Habitual Offender, as charged in the information.

Appellant was pulled over by a St. Lucie County Sheriff's Officer for not wearing his seat belt. When the officer asked for his driver's license, appellant stated that his license was suspended. After reviewing appellant's identification through NCIC/FCIC and DAVID,[1] the officer

---

[1] NCIC is the acronym for National Crime Information Center; FCIC is the acronym for Florida Crime Information Center; and DAVID is the acronym for Driver and Vehicle Information Database.

learned that appellant's license had been "revoked since 06/06/2016 due to three prior driving while license suspended charges and failure to appear charges," and that appellant was considered a habitual traffic offender.

As a result, the officer arrested appellant for a "violation of F.S.S. 322.34(5), driving while license revoked (habitual offender)." The officer also issued a traffic citation for "DRIVING WHILE LICENSE SUSPENDED OR REVOKED" under section 322.34(5), again noting that appellant's license was "revoked on 06/06/16."

Appellant was later charged in a one-count information. The heading of the information described the offense as "Driving With License Suspended – Habitual Traffic Offender." However, the body of the information alleged that appellant drove with a *revoked* license in violation of section 322.34(5), Florida Statutes.

Appellant entered a negotiated plea. Tracking the heading in the information, the plea form stated that appellant was charged with "Driving With License Suspended – Habitual Traffic Offender" and that he was entering his plea "[a]s charged." At the plea hearing, the trial court explained the plea agreement to appellant, stating, in pertinent part, "[The plea form] tells me that you were charged with driving with a suspended license as a habitual traffic offender . . . a third-degree felony punishable by up to five years of incarceration . . . ." The court asked appellant, "[Y]ou're here today to enter a no contest plea to that charge, correct?" Appellant responded, "Yes, sir." Defense counsel stipulated that there was a factual basis for the plea.

The trial court accepted appellant's plea, adjudicated him guilty, and imposed the agreed-upon jail sentence, followed by two years of probation. Both the judgment and probation order refer to appellant's offense as "DRIVING WITH LICENSE SUSPENDED-HABITUAL TRAFFIC OFFENDER." However, the judgment cites section 322.34(5), Florida Statutes, as the "offense statute number," and this section pertains to driving with a *revoked* license as a habitual offender.

On appeal, the parties acknowledge that "[w]hen a 'discrepancy exists between the offense designated in the information heading and the crime depicted in the body of the instrument, the offense described in the body is the one with which the defendant is charged.'" *Castillo v. State*, 929 So. 2d 1180, 1182 (Fla. 4th DCA 2006) (quoting *Troyer v. State*, 610 So. 2d 530, 531 (Fla. 2d DCA 1992)). Therefore, both parties agree that appellant was charged with "Driving While License Revoked – Habitual Offender" in violation of section 322.34(5), Florida Statutes (2017).

The parties disagree as to the crime to which appellant entered his plea.

Appellant contends that he did not plead to the offense of driving with a *revoked* license as a habitual offender, as charged in the information; rather, he asserts that he pled guilty to driving with a *suspended* license as a habitual offender—a non-existent crime for which he was not charged. The offense of driving with a suspended license is set forth in section 322.34(2), Florida Statutes, which provides:

> (2) Any person whose driver license or driving privilege has been canceled, suspended, or revoked as provided by law, *except persons defined in s. 322.264* [i.e. habitual traffic offenders], who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
>
> (a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
>
> (b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
>
> (c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 322.34(2), Fla. Stat. (2017) (emphasis added). "This statutory subsection expressly provides that it *does not apply to habitual traffic offenders* . . . . [A] habitual traffic offender cannot violate subsection (2)." *Gil v. State*, 118 So. 3d 787, 791 (Fla. 2013). Therefore, while driving with a suspended license is a recognized offense in Florida, driving with a suspended license *as a habitual offender* is not.

After reviewing the entire record, we conclude that appellant pleaded guilty as charged. The body of the information charged a crime under section 322.34(5), the same charge for which appellant was arrested, the same charge contained in the officer's uniform traffic citation. Nothing in the record even hints that appellant relied upon the "suspended" misnomer in entering his plea. Appellant cannot rely on verbal legerdemain to set aside his plea. The sloppy use of the term "suspended" instead of "revoked" at the plea conference does not rise to the level of fundamental error.

We therefore affirm appellant's sentence, but remand with instructions to correct the judgment and probation order to reflect a conviction for

Driving While License Revoked – Habitual Offender pursuant to section 322.34(5).

MAY and DAMOORGIAN, JJ., concur.

*  *  *

*__Not final until disposition of timely filed motion for rehearing.__*