DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ODELL BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3592

[January 22, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah H. Weiss, Judge; L.T. Case Nos. 2014CF007870AWB, 2014CF007873AWB, 2014CF007875AWB, 2014CF008039AWB and 2018CF001795AMB.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his 79.80-month prison sentence following his open plea to two new crimes, which also violated his probation on four earlier cases. The defendant argues that two scoresheet errors increased his lowest permissible sentence under the Criminal Punishment Code by approximately forty months, to the 79.80-month level. The defendant further argues that because the record does not indicate the circuit court would have imposed the same 79.80-month sentence using a correct scoresheet, we should reverse his sentence, and remand for resentencing.

We agree with the defendant as to one of the two scoresheet errors. Although that error's effect on the lowest permissible sentence is minimal (only two months), we must reverse the sentence and remand for resentencing, because the record does not indicate the circuit court would have imposed the same sentence using a correct scoresheet.

We present this opinion in two sections:

1. Procedural history:
   a. The defendant's 2014 cases;
   b. The defendant's 2018 cases and scoresheet;
   c. The defendant's motion to correct sentencing error.

2. Our review:
   a. The scoresheet's description of Case No. 14-7875's burglary charge as a Level 8 offense was accurate; and
   b. The scoresheet's description of Case No. 14-8039's grand theft charge as a Level 4 offense was inaccurate, and requires resentencing on the 2018 crimes.

## 1. *Procedural History*

### a. **The Defendant's 2014 cases**

In 2014, the defendant pled guilty to several charges in four cases. Two of those four cases are at issue in this appeal – Case No. 14-7875 and Case No. 14-8039. We address each of these two cases in turn.

In Case No. 14-7875, *the probable cause affidavit* alleged that the defendant committed burglary of an unoccupied conveyance. The probable cause affidavit referred to section 810.02(4)(b), Florida Statutes (2014), which provided that burglary of an unoccupied conveyance is a third-degree felony. The probable cause affidavit's narrative indicated that the defendant had entered a business's property "via an open area . . . of the fence which encloses the business. This open area if [sic] where the fence comes close to the building, but there is a gap between where the fence meets the building." The narrative then indicated that the defendant entered a vehicle parked outside of the business, and vandalized and ransacked the vehicle, causing damage in excess of $1,000.

However, Case No. 14-7875's *information* in differed from the probable cause affidavit. Case No. 14-7875's information's heading instead indicated that the defendant committed "BURGLARY OF A *STRUCTURE OR CONVEYANCE* – DAMAGE IN EXCESS OF $1,000." (emphases added). Further, the information referred to section 810.02(1), Florida Statutes (2014), which defines "burglary," and more importantly, section 810.02(2)(c)2., Florida Statutes (2014), which provided, "Burglary is a felony of the first degree . . . if, in the course of committing the offense, the offender . . . [c]auses damage to the *dwelling or structure, or to property within the dwelling or structure* in excess of $1,000." (emphasis added).

2

However, consistent with the probable cause affidavit, the information's body indicated that the defendant burglarized a "conveyance," without any description of the defendant having "[c]ause[d] damage to a dwelling or structure, or to property within the dwelling or structure in excess of $1,000."

In Case No. 14-8039, the information's body indicated that the defendant committed third degree grand theft of a stereo/DVD/CD player with satellite radio and an iPhone case and charger. The information referred to section 812.014(1), Florida Statutes (2014), which defines "theft," and more importantly, section 812.014(2)(c), Florida Statutes (2014), which provided that third degree grand theft includes, in pertinent part, stolen property: "1. Valued at $300 or more, but less than $5,000; 2. Valued at $5,000 or more, but less than $10,000; and 3. Valued at $10,000 or more, but less than $20,000." However, the information's reference to section 812.014(2)(c) did not indicate which of the three dollar value subsections applied to the described stolen property. Further, the information's body did not indicate the stolen property's dollar value.

On the 2014 cases, the defendant's lowest permissible sentence was 67.50 months. The defendant moved for a downward departure from the lowest permissible sentence, pursuant to section 921.0026(2)(d), Florida Statutes (2014) ("The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.")

The circuit court granted the defendant's downward departure motion. On all of the 2014 cases, the circuit court sentenced the defendant to thirty-six months in prison, to be followed by eighteen months of probation, with all sentences to be served concurrently.

## b. **The Defendant's 2018 Case and Scoresheet**

In 2018, after the defendant had served the three years in prison and had begun his probation on the 2014 cases, the defendant was charged with two new crimes – burglary of a structure and grand theft. The 2018 crimes also violated the defendant's probation on the 2014 cases.

The defendant entered an open guilty plea on the 2018 crimes and an open admission to the violations of probation in the 2014 cases.

The defendant's scoresheet described Case No. 14-7875's burglary charge as "BURGLARY OF A STRUCTURE OR CONVEYANCE – DAMAGES IN EXCESS OF $1,000", a first degree felony, which, pursuant to section

3

921.0022(3)(h), Florida Statutes (2018), was scored as a Level 8 offense, resulting in 74.00 points.

However, the defendant's scoresheet described Case No. 14-8039's grand theft charge merely as "GRAND THEFT," again without indicating the stolen property's value. Despite not indicating the stolen property's value, the scoresheet indicated that crime was a Level 4 offense, resulting in 3.6 points, pursuant to section 921.0022(3)(d), Florida Statutes (2018), which, in pertinent part, applies when the stolen property's value is "$10,000 or more but less than $20,000."

The scoring of Case No. 14-7875's "burglary of a structure or conveyance with damages in excess of $1,000" charge as a Level 8 offense, plus the scoring of Case No. 14-8039's unvalued "grand theft" charge as a Level 4 offense, plus the scoring of the defendant's other 2014 charges and his new 2018 charges, resulted in the defendant's scoresheet indicating his lowest permissible sentence was 79.80 months.

The defendant's counsel did not object to any portion of the defendant's scoresheet as being inaccurate. Instead, the defendant's counsel again moved for a downward departure from the lowest permissible sentence, pursuant to section 921.0026(2)(d), Florida Statutes (2018) ("The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.").

In response, the state requested the circuit court to impose the lowest permissible sentence of 79.80 months.

The circuit court announced its recognition that "specialized treatment for a mental disorder," etc. under section 921.0026(2)(d) was a proper ground for downward departure. However, the circuit court, citing public safety and the fact that the defendant already had been given a downward departure sentence on the 2014 cases, announced it was exercising its discretion to deny the defendant's new downward departure motion.

The circuit court then sentenced the defendant to time served on the violations of probation on the 2014 charges, 60 months in prison on the 2018 burglary charge, and 19.80 months in prison on the 2018 grand theft charge. The circuit court ordered that the sentences on the 2018 crimes should run consecutively to each other, and thus the defendant's total sentence on the 2018 crimes amounted to the defendant's lowest permissible sentence of 79.80 months.

## c. **The Defendant's Motion to Correct Sentencing Error**

The defendant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error, raising two arguments.

First, the defendant argued that because Case No. 14-7875's information's body indicated that the defendant had burglarized a "conveyance," that charge should have been scored as a Level 4 offense under section 921.0022(3)(d), which would have lowered the defendant's lowest permissible sentence by almost forty months.

Second, the defendant argued that because Case No. 14-8039's information's heading, body, and statutory citation did not assess the grand theft's property's value as "$10,000 or more but less than $20,000," that charge should have been scored as a level 2 offense under section 921.0022(3)(b), which would have lowered the defendant's lowest permissible sentence by an additional two months.

The circuit court did not file an order on the defendant's rule 3.800(b)(2) motion within sixty days of the motion having been filed, so the motion was deemed denied under rule 3.800(b)(2)(B) ("[I]f the trial court does not file an order ruling on the motion within 60 days, the motion shall be deemed denied.").

## 2. *Our Review*

This appeal followed. The defendant raises the same two arguments which he raised in his rule 3.800(b) motion. Our review of these arguments is de novo. *See Smith v. State*, 143 So. 3d 1023, 1024 (Fla. 4th DCA 2014) ("Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo.").

We address the defendant's two arguments in turn.

## a. *The scoresheet's description of Case No. 14-7875's burglary charge as a Level 8 offense was accurate.*

Despite Case No. 14-7875's probable cause affidavit's allegation that the defendant's ultimate act was to enter, vandalize, and ransack a vehicle, and despite the information's body's alleging that the defendant had burglarized a "conveyance," the totality of the record indicates that the defendant was correctly charged with burglary of a structure causing damage in excess of $1,000:

- The probable cause affidavit's narrative indicated that the defendant first entered the business's structure, which includes its enclosed curtilage, by entering "via an open area . . . of the fence which encloses the business.  This open area if [sic] where the fence comes close to the building, but there is a gap between where the fence meets the building."

- The information's heading indicated that the defendant committed "BURGLARY OF A *STRUCTURE <u>OR</u> CONVEYANCE* – DAMAGE IN EXCESS OF $1,000." (emphases added); and

- The information's body indicated that the defendant violated section 810.02(2)(c)2., Florida Statutes (2014), providing that burglary of a dwelling or structure causing damage in excess of $1,000 is a first-degree felony.

Burglary of a dwelling or structure causing damage in excess of $1,000, as charged in section 810.02(2)(c)2., is properly scored as a Level 8 offense. § 921.0022(3)(h), Fla. Stat. (2018).  Thus, the scoresheet's description of that charge as a Level 8 offense in Case No. 14-7875 was accurate.

The defendant's reliance on *Funderburk v. State*, 264 So. 3d 980 (Fla. 4th DCA 2019), is misplaced.  The defendant relies on *Funderburk* for our observation that "when a discrepancy exists between the offense designated in the information heading and the crime depicted in the body of the instrument, *the offense described in the body is the one with which the defendant is charged.*"  *Id.* at 981 (emphasis added; citation and internal quotation marks omitted).

However, the defendant's reliance on that quote ignores the context of *Funderburk*'s facts and ultimate holding, which actually support the state in this case.  To make this point, we discuss *Funderburk* in greater detail.

In *Funderburk*, the defendant was pulled over for a traffic stop.  *Id.* at 980.  The officer learned that the defendant's license had been revoked, and that the defendant was considered a habitual traffic offender.  *Id.* at 980-81.  The officer arrested the defendant for a "violation of F.S.S. 322.34(5), driving while license *revoked* (habitual offender)."  *Id.* at 981 (emphasis added).  The officer also issued a traffic citation for "DRIVING WHILE LICENSE SUSPENDED OR REVOKED" under section 322.34(5), again noting that the defendant's license had been "revoked."  *Id.*

After the arrest, the state filed an information, the heading of which incorrectly described the offense as "Driving With License *Suspended –*

6

Habitual Traffic Offender," which is a non-existent crime. *Id.* (emphasis added). However, the information's body correctly alleged that the defendant drove with a *revoked* license in violation of section 322.34(5), Florida Statutes (2017), which, as mentioned above, pertains to driving with a *revoked* license as a habitual offender. *Id.*

The defendant entered a negotiated plea. *Id.* The plea form incorrectly stated that the defendant was charged with "Driving With License *Suspended* – Habitual Traffic Offender." *Id.* (emphasis added). At the plea hearing, the circuit court incorrectly stated that the defendant entered a plea to "driving with a *suspended* license as a habitual traffic offender." *Id.* (emphasis added). And both the judgment and probation order incorrectly referred to the defendant's offense as "DRIVING WITH LICENSE *SUSPENDED* – HABITUAL TRAFFIC OFFENDER." *Id.* (emphasis added). However, the judgment correctly cited section 322.34(5), Florida Statutes, as the "offense statute number." *Id.*

On appeal, the defendant contened that he had not pled guilty to the offense of driving with a *revoked* license as a habitual offender, as charged in the information. *Id.* Rather, he asserted that he had pled guilty to driving with a *suspended* license as a habitual offender – a non-existent crime for which he was not charged. *Id.*

We *affirmed* the defendant's conviction. *Id.* at 982. We reasoned:

> The body of the information charged a crime under section 322.34(5), the same charge for which [the defendant] was arrested, the same charge contained in the officer's uniform traffic citation. Nothing in the record even hints that [the defendant] relied upon the "suspended" misnomer in entering his plea. [The defendant] cannot rely on verbal legerdemain to set aside his plea. The sloppy use of the term "suspended" instead of "revoked" at the plea conference does not rise to the level of fundamental error.

*Id.*

Here, like in *Funderburk*, the totality of the record controls the outcome. Case No. 14-7875's probable cause affidavit narrative indicated that the defendant first entered the business's *structure*, which includes its enclosed curtilage, by entering "via an open area . . . of the fence which encloses the business. This open area if [sic] where the fence comes close to the building, but there is a gap between where the fence meets the building." Only then did the defendant enter, ransack, and vandalize the

vehicle, i.e. "property within the . . . structure." § 810.02(2)(c)2, Fla. Stat. (2014). Thus, the information's body correctly charged the defendant under section 810.02(2)(c)2., referring to burglary of a structure causing damage in excess of $1,000, which is scored as a Level 8 offense.

As in *Funderburk*, nothing in this record hints that the defendant relied upon the term "conveyance" in Case No. 14-7875's information's body in agreeing to his scoresheet upon entering his plea to the new 2018 crimes. Thus, like the defendant in *Funderburk*, who could not rely on multiple incorrect statements to set aside his plea as fundamental error, the defendant here cannot rely on just the one incorrect reference in Case No. 14-7875's information's body to obtain a new sentencing hearing due to an alleged scoresheet error.

### b. *The scoresheet's description of Case No. 14-8039's grand theft charge as a Level 4 offense was inaccurate, and requires resentencing on the 2018 crimes.*

The state concedes that the scoresheet's description of Case No. 14-8039's grand theft charge as a Level 4 offense was inaccurate, and requires resentencing.

For Case No. 14-8039's grand theft charge to have been scored as a Level 4 offense, the charge's information would have had to allege that the stolen property's value was "$10,000 or more, but less than $20,000." § 921.0022(3)(d), Fla. Stat. (2018). Or that charge's information would have had to identify subsection (3) of Section 812.014(2)(c), Florida Statutes (2018), to indicate that the stolen property's value was "$10,000 or more, but less than $20,000." § 812.014(2)(c)3., Fla. Stat. (2018).

Instead, as the defendant argues, and as the state concedes, Case No. 14-8039's information's absence of an allegation that the stolen property's value was "$10,000 or more, but less than $20,000," and absence of a citation to subsection (3) of Section 812.014(2)(c), means that the charge had to be categorized as a Level 2 offense. § 921.0022(3)(b), Fla. Stat. (2018).

The state also concedes that a new sentencing hearing is required due to this error. By reclassifying the defendant's grand theft conviction as a Level 2 offense, the lowest permissible sentence drops by approximately two months. Although that difference may seem harmless on its face, the circuit court's construction of the sentence on the 2018 crimes (60 months on the burglary charge, and 19.80 months on the grand theft charge, to run consecutively, totaling 79.80 months) highly suggests that the circuit

court may have intended to sentence the defendant to the lowest permissible sentence. Nothing in the record indicates that the circuit court would have imposed the same 79.80 months sentence knowing that the scoresheet's correct lowest permissible sentence was two months less. *See Brooks v. State,* 969 So. 2d 238, 241 (Fla. 2007) (when scoresheet errors are presented via (1) direct appeal, (2) Florida Rule of Criminal Procedure 3.800(b), or (3) Florida Rule of Criminal Procedure 3.850, "any error is harmless if the record conclusively shows that the trial court *would have imposed* the same sentence using a corrected scoresheet").

Thus, due to the scoresheet error on Case No. 14-8039, we must remand for resentencing on the 2018 crimes using a corrected scoresheet.

*Affirmed in part, reversed in part, and remanded for resentencing.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

9