# Third District Court of Appeal

## State of Florida

Opinion filed January 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0565
Lower Tribunal No. F89-38288
_____

**The State of Florida,**
Appellant,

vs.

**Carlos Alberto Avila,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Ashley Moody, Attorney General, and Michael W. Mervine, Bureau Chief, and Brian H. Zack, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellee.

Before EMAS, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, the State of Florida, challenges an order granting a motion for postconviction relief and directing the clerk of court to modify records, including the Criminal Justice Information System ("CJIS") criminal history, to reflect that appellee, Carlos Alberto Avila, received a withhold of adjudication for burglary of an occupied structure, as opposed to burglary of an occupied dwelling. Because the trial court summarily granted relief without first directing the State to respond and then conducting an evidentiary hearing, we are constrained to reverse.

## BACKGROUND

More than three decades after he entered into a negotiated plea agreement and received a withhold of adjudication, Avila filed a document entitled "Motion to Correct Incorrect History." In the motion, he alleged his CJIS criminal history entry incorrectly reflected "he was charged with [b]urglary [of] an occupied dwelling." This, he asserted, was erroneous because "he [was] charged with criminal mischief," a second-degree misdemeanor, "for which a withhold of adjudication was the end result." Avila contended this error wrongfully precipitated a habitual violent offender designation, and, citing a prior ruling vacating his conviction in an unrelated case, he further alleged the State had previously agreed to correct the purported error.

2

At a duly noticed, non-evidentiary hearing, Avila sought to modify the burglary charge reflected in his CJIS criminal history from burglary of an occupied dwelling to burglary of an occupied structure. In support of his position, he adduced the charging document in his case, an information filed in 1989, which identified the crime charged as "burglary of a structure" in the caption, and his probationary paperwork, which also reflected burglary of an occupied structure.

The State requested additional time to obtain the judgment and sentence but was chastised for engaging in dilatory tactics by a non-presiding judge. It then argued that other documents of record, including the arrest affidavit and body of the information, reflected that Avila had indeed been charged with burglary of an occupied dwelling and there was no indication the charge had been modified pursuant to the plea.

The trial court granted the motion and issued an order providing: "[t]he Clerk of Court's records as well as the [CJIS] records shall be updated to reflect that the correct charge for count [one] is Burglary of an Occupied Structure pursuant to [section] 810.02(3)C, a felony of the second degree, and not Burglary of an Occupied Dwelling as it currently shows."[1] A

---

[1] There was no section 810.02(3)(c) in the 1989 Florida Statutes. Instead, both burglary of a dwelling and burglary of a structure were proscribed by section 810.02(3), Florida Statutes.

subsequent motion for reconsideration was denied, and the instant appeal followed.

**ANALYSIS**

As a threshold matter, because Avila did not allege his sentence was illegal or assert any irregularity in the sentencing scoresheet and the relief granted was substantive, we decline the invitation to treat the order on appeal as a correction of an illegal sentence or mere scrivener's error. See Fla. R. Crim. P. 3.800; Reed v. State, 276 So. 3d 65, 66 (Fla. 2d DCA 2019). Instead, we construe the order as one granting postconviction relief under Florida Rule of Criminal Procedure 3.850.

Although rule 3.850 permits the summary denial of postconviction relief motions where "the motion is legally sufficient but all grounds in the motion can be conclusively resolved either as a matter of law or by reliance upon the records in the case," it contains no reciprocal provision authorizing a trial court to summarily grant postconviction relief. Fla. R. Crim. P. 3.850(f)(5); see State v. Lundy, 211 So. 3d 135, 137 (Fla. 4th DCA 2017). Instead, if a motion is deemed legally sufficient, "[u]nless the motion, files, and records in the case conclusively show that the defendant is entitled to no relief," the trial court is required to first direct the State to respond to the motion and then convene an evidentiary hearing. Fla. R. Crim. P. 3.850(f)(6).

4

In this case, the court did not pass on the legal sufficiency of the motion and then render a determination as to whether the motion, files, and records conclusively demonstrated Avila was entitled to no relief. And, although the caption of the charging document reflected burglary of a structure, this fact, standing alone, was not dispositive of his claim. See State v. Burnette, 881 So. 2d 693, 694–95 (Fla. 1st DCA 2004). Ordinarily, in such situations, the improper designation of the crime in the caption may be rejected as surplusage, and the crime is that alleged in the body of the information. See Lewis v. State, 19 So. 2d 199, 200 (Fla. 1944); Funderburk v. State, 264 So. 3d 980, 981 (Fla. 4th DCA 2019); Figueroa v. State, 84 So. 3d 1158, 1160 (Fla. 2d DCA 2012). And here, because the body of the information reflected that Avila "did unlawfully enter or remain in a structure, to wit: a dwelling," the electronic file did not contain an amended information, and the clerk's docket reflected Avila entered a plea as charged, at best, a response by the State was required, and Avila was entitled to an evidentiary hearing. Accordingly, we reverse and remand with instructions for the trial court to conduct further proceedings consistent herewith.

Reversed and remanded.